JOURNAL ENTRY OPINION
This appeal is before the Court on the accelerated docket pursuant to App.R. 11.1 and Loc. App.R. 11.1.
Plaintiff-appellant John Basar appeals from a summary judgment entered in favor of the defendant-appellee Steel Service Plus and arising out of plaintiff's trip and fall while working at defendant's premises. Plaintiff contends that disputed issues of material fact precluded summary judgment. We find no error and affirm.
Defendant owns and operates a steel processing plant located at 6515 Juniata Avenue in Cleveland, Ohio. On or about January 19, 1997, burglars broke into an "annex" at defendant's plant and stole a variety of items. The burglars gained entrance to the annex by way of breaking through boarded-up windows. They had knocked over metal shelving units and otherwise ransacked the place.
The next day, on January 20, 1997, Bob Barrett, President of Steel Services, discovered the break-in. Due to his concern that more break-ins would occur if he did not have the boarded-up window bricked over, he immediately hired John Basar, a masonry contractor, to brick up the entrances which had previously been covered by wooden boards.
Basar arrived at the plant several hours later. He was accompanied by his assistant, Joe Minissale. Upon arrival, both Mr. Basar and Mr. Minissale noticed that the area in which they were asked to work was dark and in total disarray. Boxes, metal shelving units, dumped files, old equipment and steel beams were scattered about the room.
Basar asked defendant to clean up the annex, or at least clear out the areas underneath where he and Mr. Minissale would be working so that they could move about freely. Although assured by defendant that this matter would be taken care of, defendant did nothing to straighten out the premises.
After completing the originally requested work, defendant asked Basar to seal other entrances of the plant. He agreed and returned to defendant's plant on January 23, 1997, to finish the masonry work. Upon his return, Basar and Minissale noticed that the annex was still not cleaned as defendant had promised. The room was in the same condition as it was on January 20th. Nevertheless, Mr. Basar proceeded to erect his scaffolding and begin the masonry work.
Thereafter, as Basar was stepping off his scaffold, he tripped and fell over some steel beams scattered underneath the area in which he was working. In an effort to avoid falling, he reached up and grabbed the scaffold and in the process of doing so ruptured his right biceps tendon.
Plaintiff claims that he was asked to work in a room that was dimly lit, in total disarray, and scattered with boxes, shelving and steel beams. Plaintiff argues that, although defendant knew that the annex was in disarray and that the steel beams were unavoidable, it took no steps whatsoever to protect the safety of Mr. Basar.
Following discovery, the defendant moved for summary judgment which was granted without opinion.
Plaintiff's sole assignment of error states as follows:
 I. THE TRIAL COURT ERRED IN GRANTING DEFENDANT-APPELLEE'S MOTION FOR SUMMARY JUDGMENT.
Appellate review of summary judgments is de novo. Grafton v.Ohio Edison Co. (1996), 77 Ohio St.3d 102, 105; Zemcik v. La PineTruck Sales Equipment (1998), 124 Ohio App.3d 581, 585. The Ohio Supreme Court recently restated the appropriate test in Zivich v.Mentor Soccer Club (1998), 82 Ohio St.3d 367, 369-70 as follows:
 Pursuant to Civ.R. 56, summary judgment is appropriate when (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party, said party being entitled to have the evidence construed most strongly in his favor. Horton v. Harwick Chem. Corp. (1995), 73 Ohio St.3d 679, 653 N.E.2d 1196, paragraph three of the syllabus. The party moving for summary judgment bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. Dresher v. Burt
(1996), 75 Ohio St.3d 280, 292-293, 662 N.E.2d 264, 273-274.
Once the moving party satisfies its burden, the nonmoving party "may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Civ.R. 56(E).Mootispaw v. Eckstein (1996), 76 Ohio St.3d 383, 385. Doubts must be resolved in favor of the nonmoving party. Murphy v.Reynoldsburg (1992), 65 Ohio St.3d 356, 358-59.
Plaintiff asserts that defendant was negligent and/or violated Ohio's "frequenter statute" (R.C. 4101.11) by allowing the steel bars to remain on the annex floor where he worked. However, defendant asserts that it did not owe plaintiff a duty to warn of a hazard of which plaintiff was already aware and could have avoided.
In order to survive a properly supported motion for summary judgment in a negligence action, a plaintiff must establish that genuine issues of material fact remain as to whether: (1) the defendant owed him a duty of care; (2) the defendant breached the duty of care; and (3) as a direct and proximate result of the defendant's breach, the plaintiff suffered injury. See Texler v.D.O. Summers Cleaners Shirt Laundry Co. (1998), 81 Ohio St.3d 677,680; Jeffers v. Olexo (1989), 43 Ohio St.3d 140, 142; Menifeev. Ohio Welding Products, Inc. (1984), 15 Ohio St.3d 75, 77. Whether a duty exists is a question of law for the court to determine. Mussivand v. David (1989), 45 Ohio St.3d 314, 318.
The status of the person who is injured on the property of another defines the scope of the legal duty owed to the injured person by the property owner. Gladon v. Greater Cleveland RegionalTransit Auth. (1996), 75 Ohio St.3d 312, 315, citing Shump v. FirstContinental-Robinwood Assoc. (1994), 71 Ohio St.3d 414, 417. This Court in Connors v. Brownrigg (Oct. 1, 1998), Cuyahoga App. No. 73465, unreported, recently discussed the duty owed by a premises owner to an independent contractor under R.C. 4101.11 as follows:
 The duty, if any, that an owner of premises owes to the employee of an independent contractor engaged by the owner arises in two ways: (1) under Ohio common law; and (2) under R.C. 4101.11. Eicher v. United States Steel Corp. (1987), 32 Ohio St.3d 248, 249. R.C. 4101.11, the "frequenter statute," provides:
 "Every employer shall furnish employment which is safe for the employees engaged therein, shall furnish a place of employment which shall be safe for the employees therein and for frequenters thereof, shall furnish and use safety devices and safeguards, shall adopt and use methods and processes, follow and obey orders, and prescribe hours of labor reasonably adequate to render such employment and places of employment safe, and shall do every other thing reasonably necessary to protect the life, health, safety, and welfare of such employees and frequenters."
 The duty owed to frequenters under R.C. 4101.11 is a codification of the common-law duty owed by an owner or occupier of premises to invitees, requiring that the premises be kept in a reasonably safe condition, and that a warning be given of dangers of which the owner or occupier has knowledge. Eicher, 32 Ohio St.3d at 249. Notwithstanding this rule, the primary responsibility for protecting the employees of an independent contractor lies with the independent contractor, not the premises' owner. Id. at 250. Therefore, one who engages the services of an independent contractor ordinarily owes no duty of protection to, the employees of the independent contractor when the independent contractor or his employee proceeds with knowledge and an appreciation of the danger the work entails. Wellman v. East Ohio Gas Co. (1953), 160 Ohio St. 103, paragraph two of the syllabus.
As stated above, the "frequenter statute" is merely the codification of the common-law duty which property owners have traditionally owed to business invitees. Eicher v. United StatesSteel Corp. (1987), 32 Ohio St.3d 248, 249. Under common-law precedent, owners and occupiers of property owe a duty of ordinary care to invitees to maintain their premises in a reasonably safe condition so that invitees are not unreasonably exposed to danger.Paschal v. Rite Aid Pharmacy (1985), 18 Ohio St.3d 203, 203-204. However, a property owner has no duty to inform an invitee about obvious and inherently dangerous conditions on the property.Wellman v. East Ohio Gas Co. (1953), 160 Ohio St. 103. Accordingly, when an employee of an independent contractor is injured as a result of the existence of an inherently dangerous condition, he can only maintain an action against the property owner if: (1) the owner had actual or constructive knowledge of such condition; and (2) the employee did not have such knowledge.Eicher, supra, quoting Davis v. Charles Shutrump Sons Co. (1942),140 Ohio St. 89, paragraph one of the syllabus.
It is undisputed that plaintiff was aware of the debris in the room, including the piece of steel he tripped on. In fact, plaintiff openly admitted in his deposition that he had walked over the piece of steel "a dozen times" and that he "kind of knew what was there."
Plaintiff testified that when he first arrived at the plant on January 20, 1997, he observed that the "junk" in the room had accumulated over several "years, generations," was "scattered everywhere" and was "6 feet piled in the air." When plaintiff returned to the plant on the day of his injury, January 23, 1997, the room looked the same. He described the room as:
 There was stuff on the ground everywhere. You know, there were hundreds of things in that room that were laying around.
Nonetheless, plaintiff erected his scaffolding over the debris and began working.
Based on his testimony, we find that plaintiff was fully aware of the piece of steel before he tripped over it and was injured. As discussed above, a subcontractor, injured as a result of the existence of an inherently dangerous condition, can only maintain an action against the property owner if the owner had actual or constructive knowledge of such condition and the subcontractor did not have such knowledge. Plaintiff unequivocally admitted that he constructed and worked on the scaffolding with the knowledge that the floor was covered with "junk." He further admitted that he had walked over the piece of steel a dozen times before he tripped over it. Plaintiff clearly "proceed[ed] with knowledge and an appreciation of the danger." Accordingly, the "junk" was an obvious and inherently dangerous condition on the property of which defendant had no duty to warn plaintiff. Because plaintiff had actual knowledge of the condition, defendant, as a matter of law, had no duty to inform plaintiff of it.
Plaintiff's sole assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
DYKE, A.J., CONCURS.
 TIMOTHY E. McMONAGLE, J., CONCURS WITH SEPARATE CONCURRINGOPINION.
 ________________________ JAMES M. PORTER, JUDGE
 CONCURRING OPINION