KEISER, Appellant,

v.

GIANT EAGLE, INC., Appellee.

[Cite as *Keiser v. Giant Eagle, Inc.* (1995), 103 Ohio App.3d 173.]

Court of Appeals of Ohio,
Eleventh District, Portage County.

No. 94–P–0133.

Decided May 1, 1995.

*Dean R. Wagner,* for appellant.

*Thomas J. Wilson,* for appellee.

---

JOSEPH E. MAHONEY, Judge.

This is an accelerated calendar case submitted to this court on the briefs of the parties.

On April 6, 1994, appellant, Ethel Mae Keiser, filed a complaint seeking money damages against appellee, Giant Eagle, Inc., in the Portage County Common Pleas Court. Appellant alleged that she slipped and fell in appellee's grocery store as a result of a puddle of water on the floor.

On August 30, 1994, appellee filed a motion for summary judgment with an attached affidavit of the store's co-manager, Dale Johnson. On October 11, 1994, appellant filed a response to the motion for summary judgment with attached affidavits of herself and a witness, Harold Nagy. The trial court granted appellee's motion for summary judgment on November 4, 1994, and appellant timely filed a notice of appeal.

On January 10, 1993, appellant and Harold Nagy entered appellee's store located at 787 East Main Street in Ravenna, Ohio. The weather at the time was cold and there was snow on the ground. Upon entering the store, appellant did not follow the usual traffic pattern but, instead, cut through an open aisle between two unused checkout lines near the front entrance. While proceeding through the aisle, appellant slipped and fell to one knee. Nagy helped her up and they immediately went to the manager's office to report the incident.

Both parties agreed that floor mats were in place near the entrance to the store. Dale Johnson claimed that cones warning of a wet floor were also in place

near the entrance and prior to appellant's fall. Appellant and Nagy claim, however, that the cones were put in place only after the fall occurred.

Upon being notified of the incident, Johnson inspected the area where appellant slipped and found a small amount of water present. There was nothing near the cash registers that would have leaked or spilled liquid, and the floor mats near the store entrance were dry. Johnson stated that he inspected the front entrance area and the checkout aisles every fifteen minutes or less to ensure against safety hazards. Prior to appellant's fall, Johnson had not been informed of, nor had he found, any safety hazards on the floor which needed to be corrected. In his opinion, the small puddle resulted from melted snow that had been tracked in from outside.

In granting appellee's motion for summary judgment, the trial court found that appellant offered no evidence of when or how the water that caused her fall got onto the floor, or that appellee was aware or should have been aware of its existence. Additionally, the court determined that appellee made regular inspections of the premises and that no water was found during these inspections. Also, the court found no evidence to indicate that the water on the floor was hidden or unable to be seen by appellant. There was no evidence that the small puddle of water was anything but tracked-in snow that had melted. Thus, the court concluded that appellee had not breached its duty of ordinary care in maintaining its premises in a reasonably safe condition.

Appellant has set forth a single assignment of error: appellant contends that the trial court erred in granting appellee's motion for summary judgment.

The Supreme Court of Ohio has stated:

"It is axiomatic that a motion for summary judgment may only be granted where there exists no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Civ.R. 56(C). Moreover, summary judgment is inappropriate unless it appears from the evidence that reasonable minds could come to but one conclusion and that conclusion is adverse to the nonmoving party. Civ.R. 56(C). Furthermore, in reviewing a motion for summary judgment, this court, as other courts, must construe the evidence in a light most favorable to the party opposing the motion. * * * Therefore, absent an affirmative showing by the moving party, appellees herein, that no genuine issues exist as to any material fact, * * * and that such party is entitled to judgment as a matter of law, no summary judgment may be granted." *Morris v. Ohio Cas. Ins. Co.* (1988), 35 Ohio St.3d 45, 46–47, 517 N.E.2d 904, 906–907.

Additionally, "[a] motion for summary judgment forces the nonmoving party to produce evidence on any issue for which that party bears the burden of production at trial." *Wing v. Anchor Media, Ltd. of Texas* (1991), 59 Ohio St.3d

108, 111, 570 N.E.2d 1095, 1096, citing *Celotex v. Catrett* (1986), 477 U.S. 317, 322–323, 106 S.Ct. 2548, 91 L.Ed.2d 265, 273–274.

It is undisputed that appellant's status as a customer in appellee's grocery store was that of a business invitee. Under Ohio law, a shopkeeper owes a business invitee a duty of ordinary care in maintaining the premises in a reasonably safe condition. A shopkeeper is not, however, an insurer of his customer's safety. *Paschal v. Rite Aid Pharmacy, Inc.* (1985), 18 Ohio St.3d 203, 18 OBR 267, 480 N.E.2d 474. Moreover, a shopkeeper has no duty to protect his customer from conditions which are known to the customer or are so obvious and apparent that the customer may reasonably be expected to discover them and protect himself against them. *Sidle v. Humphrey* (1968), 13 Ohio St.2d 45, 42 O.O.2d 96, 233 N.E.2d 589, paragraph one of the syllabus. The duty of the shopkeeper is to warn of latent or concealed perils. *Parsons v. Lawson Co.* (1989), 57 Ohio App.3d 49, 50, 566 N.E.2d 698, 700.

The Supreme Court of Ohio has held:

"Ordinarily, no liability attaches to a store owner or operator for injury to a patron who slips and falls on the store floor which has become wet and slippery by reason of water and slush tracked in from the outside by the other patrons." *Boles v. Montgomery Ward & Co.* (1950), 153 Ohio St. 381, 41 O.O. 403, 92 N.E.2d 9, paragraph two of the syllabus.

In the case *sub judice,* the only evidence regarding the origin of the small puddle of water was that it was tracked in from the outside. There was no evidence that appellee was aware of the water before appellant's fall. However, there was evidence that routine inspections were performed of the area not more than fifteen minutes apart.

The facts in this case are similar to those in *Paschal, supra.* In *Paschal,* the plaintiff was using crutches, but, because of snow on the ground outside, hopped on one leg and carried his crutches as he entered the defendant's store because he was concerned about getting his crutch tips wet. After proceeding approximately fifteen feet into the store, the plaintiff resumed use of his crutches. Shortly thereafter, the plaintiff slipped in a puddle of water caused by snow that had been tracked in from outside.

The defendant was granted summary judgment by the trial court. The appellate court affirmed the decision. The Supreme Court of Ohio also affirmed, holding that, as a matter of law, the defendants did not breach the duty owed to the plaintiff as a business invitee. The court relied on its previous holdings in *S.S. Kresge Co. v. Fader* (1927), 116 Ohio St. 718, 723–724, 158 N.E. 174, 175–176, and *Boles, supra,* for the proposition that a shopkeeper will not be held liable when a customer slips on tracked-in water from the rain or snow.

Based upon these series of slip and fall cases which addressed the situation where water is tracked into a store, it is clear that the trial court properly granted summary judgment in favor of appellee in the present case.

Appellant's sole assignment of error is without merit.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

FORD, P.J., and NADER, J., concur.