OPINION
Plaintiff-appellant Idella Ector appeals from the summary judgment entered by the trial court in favor of defendant-appellee Kaufmann's Department Store arising out of plaintiff's claim for injuries when she slipped and fell on a wet mat at the entrance to the store. Plaintiff claims disputed issues of material fact precluded summary judgment. We find no error and affirm.
Plaintiff claims that she slipped and fell on December 23, 1995, while Christmas shopping at Kaufmann's in Randall Park Mall. On the day in question, the weather was snowy. Plaintiff acknowledged in her deposition that when she first came into the store, she stomped her feet on the mat near the door and she further acknowledged that the mat was wet because of tracked in snow and ice. When she returned to that area after shopping, she slipped and fell on the wet carpet which buckled under her. Plaintiff also admitted if she had been looking down, she would have seen that it was wet and she would not have walked that way.
Plaintiff's sole assignment of error states as follows:
 I. THE TRIAL COURT ERRED IN GRANTING THE SUMMARY JUDGMENT MOTION OF APPELLEE BECAUSE WHEN VIEWING THE EVIDENCE IN A LIGHT MOST FAVORABLE TO THE NON-MOVING PARTY, MATERIAL ISSUES OF FACT EXIST AND APPELLEE WAS NOT ENTITLED TO JUDGMENT AS A MATTER OF LAW.
Under Civ.R. 56 (C), summary judgment is proper when:
 (1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made.
State ex rel. Parsons v. Fleming (1994), 68 Ohio St.3d 509, 511, citing Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317,327. It is well settled that the party seeking summary judgment bears the burden of showing that no genuine issue of material fact exists for trial. Celotex Corp. v. Catrett (1987),477 U.S. 317, 330; Mitseff v. Wheeler (1988), 38 Ohio St.3d 112, 115. Doubts must be resolved in favor of the nonmoving party. Murphyv. Reynoldsburg (1992), 65 Ohio St.3d 356, 358-59.
However, the nonmoving party must produce evidence on any issue for which that party bears the burden of production at trial.Wing v. Anchor Media, Ltd. (1991), 59 Ohio St.3d 108, 111;Celotex, supra, at 322-323. In accordance with Civ.R. 56 (E), "a nonmovant may not rest upon the mere allegations or denials of his pleadings, but must set forth specific facts showing there is a genuine issue for trial." Chaney v. Clark Cty. AgriculturalSoc. (1993), 90 Ohio App.3d 421, 424.
In Dresher v. Burt (1996), 75 Ohio St.3d 280, the Supreme Court of Ohio modified the summary judgment standard as was applied under Wing. Presently, under the new standard, "* * * the moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record which demonstrate the absence of a genuine issue of fact or a material element of the nonmoving party's claim." Id.
at 296.
This Court reviews the lower court's granting of summary judgment de novo. Brown v. Scioto Bd. of Commrs. (1993), 87 Ohio App.3d 704,711 ("We review the judgment independently and without deference to the trial court's determination"). An appellate court reviewing the grant of summary judgment must follow the standards set forth in Civ.R. 56 (C). "The reviewing court evaluates the record * * * in a light most favorable to the nonmoving party. * * * [T]he motion must be overruled if reasonable minds could find for the party opposing the motion."Saunders v. McFaul (1990), 71 Ohio App.3d 46, 50; Link v.Leadworks Corp. (1992), 79 Ohio App.3d 735, 741.
The disposition of this appeal depends on a long line of cases in which it has been held that a store owner is not liable for injuries to a patron who has slipped and fallen as a result of snow or water tracked in by other customers. The applicable law is well stated most recently by this Court in Boxerbaum v. MarcGlassman, Inc. (July 30, 1998), Cuyahoga App. No. 73726, unreported at 5-8:
 It is well established that a store owner owes a business invitee a duty of ordinary care in maintaining the premises in a reasonably safe condition so that patrons are not unnecessarily and unreasonably exposed to danger. Paschal v. Rite Aid Pharmacy, Inc.
(1985), 18 Ohio St.3d 203, 480 N.E.2d 474. However, a store owner is not an insurer of a customers safety, and is under no duty to protect patrons from conditions "which are known to such invitee or are so obvious and apparent to such invitee that he may reasonably be expected to discover them and protect himself against them." Id. at 203 quoting Sidle v. Humphrey (1968), 13 Ohio St.2d 45, 233 N.E.2d 589, paragraph one of the syllabus. The duty of a store owner is to warn of latent or concealed defects or perils. Parsons v. Lawson Co. (1989), 57 Ohio App.3d 49, 50, 566 N.E.2d 698.
 In Boles v. Montgomery Ward Co. (1950), 153 Ohio St. 381. 92 N.E.2d 9, the Ohio Supreme Court stated:
 "Ordinarily, no liability attaches to a store owner or operator for injury to a patron who slips and falls on the store floor which has become wet and slippery by reason of water and slush tracked in from the outside by other patrons."
 Id. at paragraph two of the syllabus. The Boles court did recognize, however, that "cases of this type sometimes involve narrow distinctions and a decision in each case depends largely on the facts of a particular case." Id. at 384. Therefore, water and slush tracked into a store by other customers may be considered an open and obvious condition for which no liability attaches where the invitee may reasonably be expected to discover the condition and protect himself accordingly. Sollo v. Goodnight Inn, Inc.
(Jan. 16, 1998), Sandusky App. No. S-96-049, unreported.
 In the case sub judice, plaintiff-appellant maintains that she slipped and fell on an ice and snow mixture that had accumulated on a storm mat inside the vestibule of Marc's. Plaintiff-appellant had no knowledge as to how the slush mixture came to be or how long it had been on the mat. Plaintiff-appellant maintains further that the placement of the storm mat by defendant-appellee somehow created an unnatural accumulation of ice and snow thereby precluding summary judgment. Plaintiff-appellant argues that defendant-appellee was clearly aware of the problem since the store manager testified that the storm mat was periodically cleaned during the day by two employees of defendant-appellee.
 While plaintiff-appellant does not know precisely how the slush came to accumulate on the mat or how long it had been there, it is reasonable to infer, given the time of year, that the slush was tracked into the entryway by other patrons of Marc's. It is also apparent from the testimony presented that this condition was equally obvious to both the premises owner and plaintiff-appellant to the extent that plaintiff-appellant could reasonably be expected to protect herself accordingly. Sollo, supra, at 3; McCornell v. Bridges (Dec. 18, 1997), Cuyahoga App. No. 71988, unreported; Morgan v. Eastown Eagle Supermarket (Nov. 14, 1991), Cuyahoga App. No. 59359, unreported.
Cases similarly disposing of such claims on summary judgment where moisture was tracked in include Keiser v. Giant Eagle, Inc.
(1995), 103 Ohio App.3d 173; Maestle v. Commerce Park Plaza (May 9, 1996), Cuyahoga App. No. 69832, unreported; Franks v. Kmart Corp.
(Nov. 3, 1994), Cuyahoga App. No. 67280, unreported; Morgan v.Twin Value Stores, Inc. (Dec. 17, 1992), Cuyahoga App. No. 63829, unreported; Del Baso v. Fred W. Albrecht Grocery Co. (March 7, 1991), Cuyahoga App. No. 60144, unreported. Based on these authorities, we find summary judgment for defendant was properly granted.
Plaintiff's sole assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
KARPINSKI, J.
ANNE L. KILBANE, J., CONCUR.
JAMES M. PORTER, A.J.