DECISION AND JUDGMENT ENTRY
This is an accelerated appeal from a judgment of the Lucas County Court of Common Pleas which granted summary judgment in favor of defendant-appellee, The Andersons, Inc. Plaintiffs-appellants, Vera and Melvin Harrison, now raise the following assignments of error from that judgment:
"ASSIGNMENT OF ERROR NO. 1
 "THE TRIAL COURT ERRED WHEN IT GRANTED SUMMARY JUDGMENT IN FAVOR OF DEFENDANT WHEN THE RECORD CONTAINED EVIDENCE THAT MRS. HARRISON SLIPPED AND SUFFERED INJURY FROM A HAZARD CREATED BY DEFENDANT-APPELLEE
"ASSIGNMENT OF ERROR NO. 2
 "THE TRIAL COURT ERRED WHEN IT DID NOT CONSIDER THE CONTENT OF THE EVIDENCE BEFORE IT
"ASSIGNMENT OF ERROR NO. 3
 "THE TRIAL COURT ERRED WHEN IT CONSIDERED INFORMATION SUPPLEMENTING DEFENDANT-APPELLEE'S AFFIDAVIT OF BRENT LANGENDERFER WHICH WAS NOT SWORN OR CERTIFIED"
On June 10, 1997, appellant Vera Harrison slipped on squashed grapes that were on the floor in the plumbing department of appellee's Toledo, Ohio store. Although she did not fall, Harrison testified in her deposition that she began to slip then caught herself with her cart and in so doing twisted and hurt her side and back.
On August 21, 1998, Harrison, and her husband Melvin, filed a complaint in the lower court alleging that appellee negligently permitted grapes to be in the aisle way of its store, creating a dangerous and unsafe condition; that appellee caused and permitted said condition to remain for an unreasonable length of time; that appellee permitted Vera Harrison to use the aisle way when it knew or should have known of the unsafe condition; that appellee failed to make reasonable inspection of the aisle way; that appellee failed to warn Vera Harrison of the unsafe condition when it knew or should have known of its existence; and that as a direct and proximate result of appellee's carelessness and negligence, Vera Harrison slipped, suffering a wrenching injury to her back. In addition, appellant Melvin Harrison asserted a claim for loss of consortium.
Subsequently, appellee filed a motion for summary judgment in which it asserted that there was no evidence that appellee or its employees placed the grapes on the floor, knew of the presence of grapes on the floor and failed to remove them, or that the grapes had been on the floor long enough for appellee to have had constructive notice of their presence. Appellee supported its motion with the deposition testimony of Vera Harrison and the affidavit of Brent Langenderfer, an assistant sales manager at The Andersons on the day of appellant's accident. Appellants responded with a memorandum in opposition that was supported by Vera Harrison's deposition and Melvin Harrison's affidavit. Appellants asserted in their memorandum that genuine issues of material fact remained regarding whether appellee's employee had prior knowledge of the grapes on the floor sufficient to give appellee notice of the hazard. Subsequent evidence submitted by the parties included the affidavits of John Hrosko, the deli manager on the evening of the accident, and Brian Loolen, a sales associate in the plumbing department on the evening of the accident.
On October 6, 1999, the trial court filed an opinion and judgment entry granting appellee's motion for summary judgment and dismissing appellants' complaint. Specifically, the court held that viewing the evidence in a light most favorable to appellants, there was no evidence that appellee knew or should have known of the existence of the grapes on the aisle way. It is from that judgment that appellants now appeal.
In their first assignment of error, appellants assert that the trial court erred in granting appellee summary judgment as genuine issues of material fact remained regarding whether appellee had actual or constructive notice of the grapes on the floor.
In reviewing the ruling on a motion for summary judgment, this court must apply the same standard as the trial court. Lorain Natl. Bank v. Saratoga Apts. (1989), 61 Ohio App.3d 127,129. Summary judgment will be granted when there remains no genuine issue of material fact and, when construing the evidence most strongly in favor of the non-moving party, reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law. Civ.R. 56(C). The party moving for summary judgment under Civ.R. 56 bears the burden of showing that there is no genuine issue of material fact on the essential elements of the nonmoving party's claim. Dresher v. Burt (1996), 75 Ohio St.3d 280,293. If the moving party satisfies this burden, the nonmoving party has a reciprocal burden, as outlined in Civ.R. 56(E), to set forth specific facts showing that there is a genuine issue for trial. Id.
It is undisputed that Vera Harrison was a business invitee of The Andersons at the time of her accident. Accordingly, The Andersons owed her a duty of ordinary care to maintain its premises in a reasonably safe condition so that she was not unnecessarily and unreasonably exposed to danger.Paschal v. Rite Aid Pharmacy, Inc. (1985), 18 Ohio St.3d 203;Keiser v. Giant Eagle, Inc. (1995), 103 Ohio App.3d 173, 176. A business invitee must show in a slip and fall negligence case against a proprietor that (1) the proprietor caused the hazard; or (2) the proprietor or one of its employees had actual knowledge of the hazard and neglected to give adequate notice of its presence or to remove it promptly; or (3) the danger presented by the hazard had existed for a reasonably sufficient time to justify the inference that the failure to warn against it or to remove it was attributable to a lack of ordinary care. Johnson v. WagnerProvision Co. (1943), 141 Ohio St. 584, 589; Orndorff v. Aldi,Inc. (1996), 115 Ohio App.3d 632, 635-636. The standard for determining sufficient time to allow the exercise of ordinary care requires evidence of how long the hazard existed. Combs v. FirstNatl. Supermarkets, Inc. (1995), 105 Ohio App.3d 27, 30, citingAnaple v. Std. Oil Co. (1955), 162 Ohio St. 537, 541. Thus, evidence of how long the hazard existed is mandatory in establishing a duty to exercise reasonable care. Combs, supra at 30.
Viewing the evidence in a light most favorable to appellants, we must conclude that Vera Harrison slipped on squashed grapes that were in the aisle way of appellee's store in an area some distance from the produce department. Appellants, however, have offered no evidence of how the grapes came to be on the floor or how long they were on the floor. In her deposition, Vera Harrison testified that immediately after she slipped, an employee of The Andersons came up to her and said that he had seen her slip, that she had slipped on squashed grapes, that he was on his way to get a mop and that he would get the manager. Appellants assert that this employee's statement that he was going to get a mop establishes that the appellee knew of the presence of the grapes prior to appellant's slip. Assuming, as we must for summary judgment purposes, that this employee did notice the grapes prior to appellant's slip, there is simply no evidence regarding how long that employee knew of the grapes prior to appellant's accident. It is noteworthy that appellants have never been able to produce this witness.
Appellants further assert that Brian Loolen's affidavit raises an issue of fact regarding appellee's knowledge of the grapes on the floor. Brian Loolen was a sales associate in the plumbing department on the evening of the accident. Loolen stated that it is the practice of The Andersons to give samples of fruit to its customers in the produce department and that it is not unusual to find the remains of samples on the floor in the main aisle way of the store. He further stated that there were no garbage receptacles in the aisle ways for customers to use. Appellants contend that from this statement we must find a genuine issue remains as to whether appellee had constructive notice of the grapes on the floor. We disagree. There is no evidence in the record that The Andersons was supplying grape samples on the evening of appellant's accident.
Accordingly, we find that no genuine issue of material fact remains and that, when construing the evidence in a light most favorable to appellants, reasonable minds could only conclude that appellee was entitled to judgment as a matter of law. In particular, we conclude that in light of appellee's evidence, appellants failed to produce evidence that either appellee caused the grapes to be on the floor; or that appellee or one of its employees had actual knowledge of the presence of the grapes and neglected to give adequate notice of them or remove them promptly; or that the danger presented by the grapes had existed for a reasonably sufficient time to justify the inference that the failure to warn against them or remove them was attributable to a lack of ordinary care. The trial court did not err in granting appellee summary judgment and the first assignment of error is not well-taken.
In their second assignment of error, appellants assert that the trial court failed to consider the content of the evidence before it. We have reviewed all of the evidence submitted to the court below in support of the parties' motions and find that appellee adequately supported its summary judgment motion with evidence that there was no genuine issue of material fact on appellant's claims. Accordingly, the second assignment of error is not well-taken.
Finally, in their third assignment of error, appellants contend that the trial court erred in considering a statement attached to Brent Langenderfer's affidavit where that statement was not sworn or certified. The statement to which appellants refer is, according to Langenderfer's affidavit, a statement which Langenderfer asked Brian Loolen to write concerning Loolen's knowledge of the circumstances surrounding Vera Harrison's slip. Nothing in this statement, however, goes to the issues that were before the court. That is, nothing in the statement addresses whether appellee knew or should have known of the existence of the grapes in the walkway. Moreover, nothing in the trial court's opinion indicates that the court considered this statement in reaching its decision. Accordingly, the third assignment of error is not well-taken.
On consideration whereof, the court finds that substantial justice has been done the parties complaining and the judgment of the Lucas County Court of Common Pleas is affirmed.
Court costs of this appeal are assessed to appellants.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
 ____________________________ Mark L. Pietrykowski, J.
 Melvin L. Resnick, J., Richard W. Knepper, P.J.