OPINION
This is an accelerated calendar appeal submitted to the court on the briefs of the parties. Appellants, Alice and Jerome Kornowski, appeal from a final judgment of the Geauga County Court of Common Pleas entering summary judgment in favor of appellee, Chester Properties, Inc. ("Chester"). For the following reasons, we affirm the decision of the trial court.
On the morning of September 22, 1995, appellants went to Murphy's Pub and Grill ("Murphy's") for breakfast. Murphy's is owned and operated by appellee. Appellants entered Murphy's through an entrance located on the west side of the restaurant. After entering the building, however, appellants were told that the restaurant was closed. As a result, appellants proceeded to leave Murphy's to go to another place to eat. The couple exited the building through the same door they had entered.
While walking through the door's threshold, Alice tripped over the riser and fell through the doorway onto the lower cement platform. Alice was taken to the hospital where a subsequent examination revealed that she had suffered a torn rotator cuff. Surgery was performed to repair the damage. In total, Alice incurred approximately $10,000 in medical bills as a result of her injury.
On September 11, 1997, Alice filed a complaint alleging that appellee had negligently failed to maintain the premises in a reasonably safe condition and that this negligence was the direct and proximate result of her injury. Jerome joined in the suit for loss of consortium. Appellee filed an answer denying the allegations in the complaint.
Sometime during the litigation, appellants voluntarily dismissed their complaint. However, they refiled their cause of action on October 5, 1998. Appellee subsequently filed a motion for summary judgment on January 20, 1999 arguing that there was no genuine issue of material fact precluding summary judgment, and that appellee was entitled to judgment as a matter of law. In particular, appellee maintained that it did not breach any duty to Alice because it had exercised ordinary care in keeping the premises in a reasonably safe condition. In addition, appellee also argued that the riser was an open and obvious condition of which a business invitee should be aware of or may be reasonably expected to discover.
On March 8, 1999, appellants filed a brief in opposition to summary judgment claiming that genuine issues of material fact remained as to whether the doorframe in question created an unreasonably dangerous condition, and as to whether the condition was open and obvious. In support, appellants submitted a report from Richard Kraly ("Kraly"), a registered architect, in which he opined that the doorframe in question violated both the Ohio Basic Building Code ("OBBC") and the Americans with Disabilities Act ("ADA"). Based on his experience and expertise, Kraly submitted that the existing threshold and riser configuration leading from the lobby of Murphy's "contributed to and was the proximate cause
of the incident." (Emphasis in the original.)
On March 10, 1999, in an abbreviated judgment entry, the trial court granted appellee's motion for summary judgment based upon the reasons stated in appellee's brief. From this judgment, appellants filed a timely notice of appeal with this court. They now assert the following two assignments of error for our review:
 "[1.] The trial court erred in granting summary judgment since reasonable minds could conclude that defendant-appellee breached its duty to warn invitees such as appellant about a 1-1/4 inch elevation in a door threshold and that the elevation inside the threshold created an unreasonably hazardous condition.
 "[2.] The trial court erred in granting summary judgment since reasonable minds could conclude that an 8-inch drop from the top edge of a door threshold to the top platform step beyond the threshold created an unreasonably hazardous condition."
 Both of appellants' assignments of error concern the trial court's granting of summary judgment. Thus, they will be considered in a consolidated fashion. In their two assignments of error, appellants maintain that the trial court erred in granting summary judgment because reasonable minds could differ as to whether the doorframe was in an unsafe condition on the day of the incident. In addition, appellants also argue that there was a factual question as to whether appellee had a duty to warn appellants of the alleged hazardous condition.
Summary judgment is proper when: (1) there is no genuine issue as to any material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come but to one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence construed most strongly in his favor. Civ.R. 56(C); Leibreich v. A.J. Refrigeration, Inc.
(1993), 67 Ohio St.3d 266, 268.
Material facts are those facts which might affect the outcome of the suit under the governing law of the case. Turner v. Turner
(1993), 67 Ohio St.3d 337, 340, citing Anderson v. Liberty Lobby,Inc. (1986), 477 U.S. 242, 248. To determine what constitutes a genuine issue, the court must decide whether the evidence presents a sufficient disagreement to require submission to a jury, or whether it is so one-sided that one party must prevail as a matter of law. Turner at 340.
The party seeking summary judgment on the grounds that the nonmoving party cannot prove its case bears the initial burden of informing the trial court on the basis for the motion and of identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential elements of the nonmoving party's claims. Dresher v. Burt (1996),75 Ohio St.3d 280. The moving party must be able to point specifically to some evidence of the type listed in Civ.R. 56(C) which affirmatively demonstrates that the nonmoving party has no evidence to support the nonmoving party's claim. Id.
If this initial burden is met, the nonmoving party has a reciprocal burden to respond, by affidavit or as otherwise provided in the rule, in an effort to demonstrate that there is a genuine issue of fact suitable for trial. Id. If the nonmoving party fails to do so, then the trial court may enter summary judgment against that party. Id.
In order to establish an actionable claim for negligence, appellants must demonstrate: (1) that appellee owed a duty to appellants; (2) that appellee breached that duty; (3) that appellee's breach of duty directly and proximately caused appellants' injury; and (4) damages. Chambers v. St. Mary'sSchool (June 27, 1997), Geauga App. No. 96-G-2013, unreported, at 9-10, 1997 Ohio App. LEXIS 2823, citing Sedar v. Knowlton Constr.Co. (1990), 49 Ohio St.3d 193, 198. See, also, Bond v. Mathias
(Mar. 17, 1995), Trumbull App. No. 94-T-5081, unreported, at 6, 1995 Ohio App. LEXIS 979. The existence of a duty in a negligence action is a question of law for the court to determine. Maky v.Patterson, Inc. (July 5, 1996), Geauga App. No. 96-G-1962, unreported, at 5-6, 1996 Ohio App. LEXIS 3002, citing, Mussivandv. David. (1989), 45 Ohio St.3d 314, 318.
The parties do not dispute that Alice was a business invitee. Business invitees are people "who come upon the premises of another, by invitation, express or implied, for some purpose which is beneficial to the owner." Light v. Ohio Univ. (1986), 28 Ohio St.3d 66,68, citing Scheibel v. Lipton (1951), 156 Ohio St. 308. See, also, Owens v. Taco Bell Corp. (June 21, 1996), Lake App. No. 95-L-180, unreported, at 6-7, 1996 Ohio App. LEXIS 2579.
In Ohio, the owner of a store or some other similar place of business has a duty to exercise ordinary care and to protect customers by maintaining the premises in a safe condition. Keiserv. Giant Eagle, Inc. (1995), 103 Ohio App.3d 173, 176. See, also,Donato v. Honey Baked Ham Co. (Oct. 29, 1999), Lake App. No. 98-L-200, unreported, at 5, 1999 Ohio App. LEXIS 5097; Robinson v.Martin Chevrolet, Inc. (May 28, 1999), Trumbull App. No. 98-T-0070, unreported, at 4, 1999 Ohio App. LEXIS 2466; Sopko v.Marc Glassman, Inc. (Apr. 30, 1990), Lake App. No. 98-L-006, unreported, at 7, 1999 Ohio App. LEXIS 2021; Hudak v. 510 GypsyLane, Inc. (Mar. 26, 1999), Trumbull App. No. 98-T-0129, unreported, at 5, 1999 Ohio App. LEXIS 1227. This duty includes the obligation to maintain the premises in a reasonably safe condition and to warn invitees of any latent defects of which the owner has or should have knowledge. Hudak at 5, citing Scheibel
at paragraph three of the syllabus.
Nevertheless, an owner is not to be held as an insurer against all forms of risk. S.S. Kresge Co. v. Fader (1927),116 Ohio St. 718, paragraph one of the syllabus. An owner has no duty to protect a customer from conditions which are known to the customer or are so obvious and apparent that a customer may reasonably be expected to discover them and protect himself against them. Keiser at 176; Donato at 5-6; Sopko at 7. Rather, the duty of an owner is to warn of latent or concealed dangers.Keiser at 176; Donato at 6; Robinson at 4; Sopko at 7. In other words, "[t]he mere fact that there was an accident does not create a res ipsa loquitur or absolute liability situation." Ferguson v.Eastwood Mall, Inc. (Dec. 4, 1998), Trumbull App. No. 97-T-0215, unreported, at 9, 1998 Ohio App. LEXIS 5823 (Christley, J., dissenting).
In the instant matter, appellants argue that the construction of the entranceway/exitway in question violated the OBBC and the ADA. They assert that these violations demonstrated appellee was negligent, and as a result, should be held liable for Alice's injuries. After careful consideration of the facts and applicable law, we conclude that appellants' argument lacks merit.
First, we note that a violation of an administrative rule does not constitute negligence per se. Chambers v. St. Mary'sSchool (1998), 82 Ohio St.3d 563, syllabus. However, such a violation may be admissible as evidence of general negligence.
Appellants have failed to show that appellee was in violation of the OBBC or the ADA. While Kraly's report states that the doorframe in question was in violation of both the OBBC and the ADA, he fails to demonstrate that the building was required to conform to those particular rules. Kraly clearly admits that at the time he wrote his report, he did not have any information concerning the date that the building and any subsequent additions were constructed. In fact, Kraly goes on further to say that it may be argued that Murphy's complied with the prevailing building code requirements at the time of construction.
The failure to provide this information is critical because such regulations pertain to all buildings except those that were existing at the time the code became effective, so long as such buildings did not constitute a serious hazard. Ohio Adm. Code4101:2-1-09. See, also, Hontert v. Ohio Dept. of NaturalResources (1990), 61 Ohio Misc.2d 12, 19, McGee v. North ColumbusAlliance Church (Aug. 10, 1995), Franklin App. No. 95APE01-87, unreported, at 6-7, 1995 Ohio App. LEXIS 3314; Nawal v. ClearviewInn, Inc. (Aug. 4, 1994), Cuyahoga App. No. 65796, unreported, at 12, 1994 Ohio App. LEXIS 3409.
Accordingly, appellants argue in the alternative that the doorway posed a serious hazard to Murphy's patrons. However, they have failed to provide evidence that the door in question posed a serious hazard in violation of the OBBC or the ADA. Kraly states in his report that the riser on which Alice tripped was at least three-fourths of an inch higher than permitted. Moreover, Kraly opines that a further danger existed in that a patron leaving Murphy's was subjected to an eight-inch drop at the other side of the doorway. He believes that, taken into consideration with the uneven floor levels on either side of the doorway and the lack of color contrast between the painted stone edge of the step and the mat beyond the stone edge, patrons are oblivious to the narrow edge beyond the threshold and the immediate eight-inch change in elevation thereafter.
This court in Bond, supra, held that "[a] premise is not considered unreasonably dangerous where the defect is insubstantial and of the type that a passerby commonly encounters." See, also, Baldauf v. Kent State Univ. (1988),49 Ohio App.3d 46; Wicichowski v. Gladieux V. Enterprises, Inc.
(1988), 54 Ohio App.3d 177, syllabus; Quayle v. Great Lakes Mall,Inc. (Nov. 3, 1995), Lake App. No. 95-L-075, unreported, at 3-4, 1995 Ohio App. LEXIS 4892. Certainly, a two-inch riser does not constitute a substantial defect imposing liability on a restaurant owner, especially in light of the open and obvious nature of the step-down. Cf. Kimball v. Cincinnati (1953), 160 Ohio St. 370
(holding that slight defects do not constitute sufficient grounds upon which to impose liability on a municipality); Helms v.American Legion, Inc. (1966), 5 Ohio St.2d 60 (holding that no liability would accrue to the owner or occupier of private premises for minor imperfections which are commonly encountered and are not unreasonably dangerous).
Furthermore, a duty to warn only arises where there are actual dangers on the premises and the owner's knowledge of those dangers is superior to that of the business invitee. Jackson v.Kings Island (1979), 58 Ohio St.2d 357, 359. Therefore, even if we were to assume, arguendo, that the riser was a serious hazard, appellants failed to show that appellee had superior knowledge of the alleged dangerous condition. There was no evidence presented that appellee had received complaints about the riser. Nor were there any allegations that anyone else had tripped, fallen, or been injured on it.
The Supreme Court of Ohio has held that a plaintiff who safely traversed a step upon entering a building cannot maintain that the danger created by the step was so insubstantial as to go unnoticed when she entered, yet was unreasonably dangerous, and thus actionable, when the same step caused her to fall when she exited the building. Raflo v. Losantiville Country Club (1973),34 Ohio St.2d 1, paragraph one of the syllabus. See, also, Leightonv. Hower Corp. (1948), 149 Ohio St. 72; Maky at 7-8; Newhardt v.Norton Health Foods (Apr. 29, 1998), Summit App. No. 18478, unreported, at 3, 1998 WL 208835; Wilson v. Kids Room (Sept. 22, 1997), Highland App. No. 96CA909, unreported, at 2, 1997 WL 599177; Orens v. Ricardo's Restaurant (Nov. 14, 1996), Cuyahoga App. No. 70403, unreported, at 3, 1996 WL 661024; Tieman v. RoyalAthletics (May 20, 1996), Clermont App. No. CA 96-01-001, unreported, at 2, 1996 WL 263584.
In the case sub judice, Alice described the circumstances surrounding her fall as follows:
 "Q. Okay. And then after that time, you turned around and you went back out the same door?
"A. Yes.
"* * *
"Q. And does the door swing to the outside?
"A. Yes.
"* * *
 "Q. What in these photographs — where did you — what caused you to fall?
"A. My foot caught on this piece here.
 "Q. Are you talking about the wood piece below the brass flashing on the door?
"A. The riser.
"* * *
 "Q. Do you believe there would be anything defective with the riser?
 "A. I think it's high; kind of have to step up to get out.
 "Q. Is there anything other than the fact that you believe it to be high that caused you to fall?
"A. No.
"* * *
 "Q. Was there anyone in front of you as you were exiting the door?
"A. No.
 "Q. Was there anything blocking your view of the door riser?
"A. No.
"* * *
 "Q. Did you ever tell anyone that what caused you to fall was the step down?
"A. No.
 "Q. How long were you in the building before you turned around and went back outside?
"A. About a minute."
 Under the circumstances as testified to by Alice, this court concludes that a person who was watching where she was going would have been aware of an open and obvious condition such as the riser in question. Alice was required to exercise some degree of care for her own safety comparable with the risk which she should have seen existed. Appellee was under no duty to protect her from conditions she could have reasonably discovered and protected herself against.
Based on the foregoing analysis, appellants two assignments of error are without merit. The judgment of the trial court is affirmed.
 ______________________________ JUDGE MARY CACIOPPO, J., Ret., Ninth Appellate District, sitting by assignment.
FORD, P.J., NADER, J., concur.