PASCHAL, APPELLANT, *v.* RITE AID PHARMACY, INC. ET AL., APPELLEES.

[Cite as Paschal *v.* Rite Aid Pharmacy, Inc. (1985), 18 Ohio St. 3d 203.]

(No. 84-1425—Decided July 17, 1985.)

*Twyford & Donahey* and *Richard S. Donahey, Jr.,* for appellant.

*Porter, Wright, Morris & Arthur, Terrance M. Miller, Mason Evans IV* and *Sherry Young,* for appellees.

*Per Curiam.* The sole issue presented for our determination is whether the trial court erred in holding as a matter of law that appellees did not breach the duty owed appellant as a business invitee.[1]

A shopkeeper owes business invitees a duty of ordinary care in maintaining the premises in a reasonably safe condition so that its customers are not unnecessarily and unreasonably exposed to danger. See *Campbell v. Hughes Provision Co.* (1950), 153 Ohio St. 9 [41 O.O. 107]. A shopkeeper is not, however, an insurer of the customer's safety. Further, a shopkeeper is under no duty to protect business invitees from dangers "which are known to such invitee or are so obvious and apparent to such invitee that he may reasonably be expected to discover them and protect himself

---

[1] Appellant's proposition of law dealing with the degree of duty owed to an infirm business invitee where such invitees are reasonably foreseeable is not properly before this court because this issue was not assigned as error or dealt with in the briefs filed in the court of appeals.

against them." *Sidle* v. *Humphrey* (1968), 13 Ohio St. 2d 45 [42 O.O.2d 96], paragraph one of the syllabus.

Appellant argues that appellees breached their duty of ordinary care by not eliminating, or warning appellant of, the puddle that appellant allegedly slipped in. This court has dealt with this exact issue in *S. S. Kresge Co.* v. *Fader* (1927), 116 Ohio St. 718, 723-724, in which we stated:

"Owners or lessees of stores, * * * are not insurers against all forms of accidents that may happen * * *. It is not the duty of persons in control of such buildings to keep a large force of moppers to mop up the rain as fast as it falls or blows in, or is carried in by wet feet or clothing or umbrellas, for several very good reasons, all so obvious that it is wholly unnecessary to mention them here in detail." See, also, *Boles* v. *Montgomery Ward & Co.* (1950), 153 Ohio St. 381 [41 O.O. 403], paragraph two of the syllabus ("Ordinarily, no liability attaches to a store owner or operator for injury to a patron who slips and falls on the store floor which has become wet and slippery by reason of water and slush tracked in from the outside by other patrons."); *Rayburn* v. *J. C. Penney Outlet Store* (1982), 3 Ohio App. 3d 463.

Thus, we affirm the judgment of the court of appeals.

*Judgment affirmed.*

CELEBREZZE, C.J., SWEENEY, LOCHER, HOLMES, C. BROWN, DOUGLAS and WRIGHT, JJ., concur.