DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellants Tammy and John Wolf appeal from the decision of the Wayne County Court of Common Pleas, granting summary judgment in favor of appellee, Consolidated Stores Corp. ("Consolidated"). We affirm.
In January 1996, Tammy Wolf ("Mrs. Wolf") was an employee of American Greetings Corp. Her position entailed going to retail stores to maintain displays of American Greetings products, such as wrapping paper and greeting cards. On January 22, 1996, Mrs. Wolf and other American Greetings employees were reorganizing the display at the Odd Lots store owned by Consolidated in Wooster, Ohio. Mrs. Wolf was in the receiving area in the back of the store. In the receiving area, numerous wood pallets were strewn about the floor.
At one point, while Mrs. Wolf was working, she turned around to retrieve price tags from a box that was on a nearby wood pallet. She tried stepping between two pallets but fell after her second or third step. As a result of her fall, Mrs. Wolf sustained severe injuries.
On January 24, 1997, the Wolfs filed a complaint in the Wayne County Court of Common Pleas. In the complaint, the Wolfs alleged that Consolidated was negligent in its maintenance of the Wooster Odd Lots store. Consolidated answered. On August 29, 1997, Consolidated moved for summary judgment. The Wolfs timely opposed the motion. On December 17, 1997, the trial court granted Consolidated's motion. The Wolfs appeal, assigning three errors.
The Wolfs' three assignments of error boil down to one issue: whether the trial court should have granted summary judgment in favor of Consolidated. The Wolfs argue that genuine issues of material fact remained that precluded summary judgment in this case.
Pursuant to Civ.R. 56(C), summary judgment is proper if:
 (1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.
Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317, 327. The party seeking summary judgment initially bears the burden of informing the trial court of the basis for the motion and identifying portions of the record demonstrating an absence of genuine issues of material fact as to the essential elements of the nonmoving party's claims. Dresher v. Burt (1996), 75 Ohio St.3d 280,293. The movant must point to some evidence in the record of the type listed in Civ.R. 56(C) in support of his motion. Id. Once this burden is satisfied, the nonmoving party has the burden, as set forth in Civ.R. 56(E), to offer specific facts showing a genuine issue for trial. Id. Appellate review of a lower court's entry of summary judgment is de novo.Swartzentruber v. Wee-K Corp. (1997), 117 Ohio App.3d 420, 423.
A plaintiff alleging negligence must prove "that the defendant owed the plaintiff a duty, that the defendant breached that duty, that the plaintiff suffered harm and that the harm was proximately caused by the defendant's breach of duty." Cooperiderv. Peterseim (1995), 103 Ohio App.3d 476, 479. Whether a duty exists is a question of law for the court. See Cogar v. ScheetzConstr. Co. (Jan. 14, 1998), Summit App. No. 18501, unreported, at 4.
The parties agree that Mrs. Wolf was a business invitee of Consolidated at the time that her injuries occurred. Therefore, Consolidated owed Mrs. Wolf "a duty of ordinary care in maintaining the premises in a reasonably safe condition so that [she was] not unnecessarily and unreasonably exposed to danger."Paschal v. Rite Aid Pharmacy, Inc. (1985), 18 Ohio St.3d 203,203. However, "a landowner has no duty to protect an invitee from an open and obvious danger. The rationale underlying this no duty rule is that the open and obvious nature of the hazard serves as a warning and permits the landowner to reasonably rely on the invitee taking the appropriate steps to protect himself." (Citations omitted.) Ragan v. Norton Co. (Aug. 20, 1997), Summit App. No. 18111, unreported, at 4. See, also, Paschal,18 Ohio St. 3d at 203-04. Viewing the evidence in a light most favorable to the Wolfs, we conclude that the wood pallets that were the source of her fall were an open and obvious danger. Mrs. Wolf admitted in her deposition that the wood pallets were open and obvious and that she had no difficulty seeing them. Therefore, Consolidated did not owe a duty toward Mrs. Wolf with regard to the wood pallets. Because there were no genuine issues of material fact, the trial court properly granted summary judgment in favor of Consolidated.
The Wolfs' three assignments of error are overruled. The judgment of the Wayne County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Wayne, Court of Common Pleas, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file-stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to the appellants.
 Exceptions. _______________________________ WILLIAM R. BAIRD, FOR THE COURT
SLABY, P.J.
QUILLIN, J., CONCUR
(Quillin, J., retired Judge of the Ninth District Court of Appeals, sitting by assignment pursuant to Section 6(C), Article IV, Constitution.)