OPINION
This appeal is taken by plaintiff-appellant Jeffrey L. Reed, administrator of the estate of Tamara Crow from the judgment of the Court of Common Pleas of Allen County granting summary judgment to defendants-appellees, National Lime and Stone Company ("National") and Northwood Asphalt Products ("Northwood").
On April 12, 1995, Crow drove her Ford Escort southbound on Sugar Street. While driving down the street, Crow passed the following warning signs: High Water; Not a Public Street — Travel At Your Own Risk; Impassable During High Water; and Do Not Enter When Flooded. When she reached the Sugar Street Crossing ("the crossing"), the river was covering the roadway. Crow proceeded to cross anyway. When Crow's vehicle reached the center of the crossing, the water turned the car and eventually dragged it down river. Crow drowned as a result.
On January 23, 1997, Reed, as administrator of the estate filed a complaint alleging National and Northwood were negligent in keeping the crossing safe. Northwood filed its answer on March 25, 1997, denying the allegations and asserting all possible affirmative defenses. On March 28, 1997, National filed an answer denying it was negligent and asserting the affirmative defense of assumption of the risk. On April 3, 1998, both National and Northwood filed for summary judgment. Reed filed a memorandum in opposition to these motions on June 1, 1998. On June 23, 1998, the trial court granted summary judgment to Northwood and National. It is from this judgment that Reed appeals.
Reed raises the following assignments of error.
 The trial court erred in finding that the parties who constructed and maintained a bridge on a roadway used by the public had no duty of ordinary (sic) to users, because users were business invitees.
 The trial court erroneously substituted primary assumption of risk for ordinary assumption of risk.
When reviewing the ruling on a motion for summary judgment, an appellate court reviews the judgment independently and does not defer to the trial court. Midwest Specialties, Inc. v. Firestone Tire Rubber Co. (1988), 42 Ohio App.3d 6, 536 N.E.2d 411. Civ.R. 56(C) sets forth the standard for granting summary judgment. Summary judgment is appropriate when the following have been established: 1) that there is no genuine issue as to any material fact; 2) that the moving party is entitled to judgment as a matter of law; and 3) that reasonable minds can come to but one conclusion and, viewing the evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the nonmoving party. Bostic v. Connor (1988), 37 Ohio St.3d 144,524 N.E.2d 881.
In the first assignment of error, Reed claims that Crow was a business invitee of National and Northwood. As a business invitee, Reed argues that National and Northwood owed Crow a duty to keep the premises in a reasonably safe condition.
 A shopkeeper owes business invitees a duty of ordinary care in maintaining the premises in a reasonably safe condition so that its customers are not unnecessarily and unreasonably exposed to danger. * * * A shopkeeper is not, however, an insurer of the customer's safety. Further, a shopkeeper is under no duty to protect business invitees from dangers "which are known to such invitee that he may reasonably be expected to discover them and protect himself against them."
Paschal v. Rite Aid Pharmacy (1985), 18 Ohio St.3d 203, 203-04,480 N.E.2d 474, 475 (citations omitted).
Here, no evidence was presented to show that Crow was on the premises as a business invitee. There was no evidence that Crow was patronizing either of the businesses connected by the crossing. Instead, the evidence suggests that Crow was using the crossing as a shortcut. This would make Crow a licensee at best. However, assuming Crow was a business invitee does not change the result in this case. The dangers of the crossing were well known to Crow. Her family members testified that they had warned her of the dangers of the crossing on several occasions. Her mother and sister specifically told Crow not to use the crossing when the water was high because it was too dangerous. Further, there were four different signs warning of her of the dangers. The last sign, which was within sight of the water, stated "Do Not Enter When Flooded." Finally, the danger of the water running quickly over the roadway was readily apparent to anyone. Since Crow was aware of the dangers and was in a position to protect herself, National and Northwood owed her no duty. The first assignment of error is overruled.
The second assignment of error alleges that the trial court used the wrong standard of review for the assumption of the risk defense. Assumption of the risk is an affirmative defense. Civ.R. 8(C). Since Northwood and National owed no duty to Crow, we need not address the affirmative defenses and the second assignment of error is moot.
The judgment of the Court of Common Pleas of Allen County is affirmed.
Judgment affirmed.
HADLEY and SHAW, JJ., concur.