Plaintiffs-appellants appeal from the trial court's order granting summary judgment in favor of all defendants in this negligence action. They argue:
 I. THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT BECAUSE THE DEFENDANTS OWED A DUTY OF CARE TO THE PLAINTIFF TO EITHER SWEEP AND ILLUMINATE STAIRS, WHICH WERE COVERED WITH FIRE DEBRIS AND SOOT, BEFORE INVITING HIM TO DESCEND THOSE STAIRS IN THE DARK TO RE-LIGHT A FURNACE IN THEIR BASEMENT, OR TO WARN HIM OF THOSE DANGERS.
 II. THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT BECAUSE THE DEFENDANTS FAILED TO CONCLUSIVELY PROVE THEIR AFFIRMATIVE DEFENSE TO LIABILITY UNDER THE FREQUENTERS STATUTE WHERE REASONABLE MINDS COULD CONCLUDE THAT:
 A. THE DEFECTIVE CONDITION OF THE PREMISES THAT CAUSED PLAINTIFF'S INJURY WAS NOT OPEN AND OBVIOUS; OR THAT
 B. THE PLAINTIFF'S OCCUPATION WAS NOT INHERENTLY DANGEROUS AND HE WAS NOT WORKING IN AN INHERENTLY DANGEROUS WORKPLACE; ALTERNATIVELY, IF DEFENDANTS PROVED THAT EITHER OF THOSE INHERENTLY DANGEROUS CONDITIONS WAS PRESENT,
 1. THE DEFENDANTS FAILED TO PROVE THEY HAD RELINQUISHED CONTROL OF THE PREMISES; OR THAT
 2. ANY ABNORMALLY DANGEROUS CONDITION AT THE PREMISES WAS EITHER REMOVED BY THE DEFENDANTS OR MADE KNOWN BY THEM TO THE PLAINTIFF.
 III. THE TRIAL COURT ERRED IN NOT ALLOWING GENUINE DISPUTES OF MATERIAL FACT CONCERNING THE ALLOCATION OF COMPARATIVE FAULT BETWEEN THE PARTIES TO BE RESOLVED BY A JURY.
For the following reasons, we reject these assignments of error and affirm the trial court's judgment.
 STATEMENT OF FACTS AND PROCEEDINGS BELOW
The complaint in this case alleged that Mitchell Field was employed by Brennan Associates, Inc. as a heating and air conditioning specialist. On November 22, 1995, he was called to perform repair work at a building owned by defendants Harry and Doris Loder and occupied by defendants Tim Higdon and Aardvark Sports Grill. The building had been damaged in a fire on November 17, 1995; defendant MP Mural Construction Co. was the general contractor retained to perform clean-up and repair work.
Field alleged he slipped and fell down stairs as a result of the negligent manner in which the stairs were maintained and cleared after the fire. Field assertedly incurred physical injuries, medical expenses, pain and suffering. Field's spouse claimed loss of consortium.
All defendants moved for summary judgment in February and May 1998. The court granted all defendants' motions by a half-sheet entry filed June 24, 1998, without opinion. This appeal was timely filed on July 15, 1998.
In their motions for summary judgment, defendants argued they owed no duty to warn or to protect Field. They argued Field was employed by an independent contractor and that they did not actively control or participate in his work. They also argued Field was contributorily negligent and that the danger was open and obvious to him. Each defendant cited the transcript of Field's deposition and the deposition of Michael G. Mural, both of which were filed with the court. In opposition, Field cited the depositions of Timothy Higdon, Arthur F. Westfall, Harry E. Loder and Thomas Foster, as well as Field's affidavit and an expert report by Kenneth Green.
The undisputed evidence presented by the parties shows that Brennan Associates, Inc., Field's employer, was retained by MP Mural Co. to restore temporary heat to the premises. Michael Mural told Brennan the building had been fire-damaged, and Brennan informed Field. Field did not know whether there would be lighting at the building.
Field had worked in the field of heating, ventilation and cooling for approximately twenty years and had previously established temporary heating on construction sites, although he had never worked in a fire-damaged building before. On the morning of November 22, 1995, Field obtained the key to the premises from his employer and went there alone. He did not expect anyone to meet him.
He opened the door, entered onto a landing, and looked for a light switch. He did not find one but did see Romex cable had been used to establish temporary lighting.
Field went back to his truck for a flashlight, tools, and equipment, which he carried in two buckets. He set down the lighter of the two buckets, carrying the heavier one in his right hand and the flashlight in his left. He first shined his flashlight upstairs and saw a temporary light fixture. He then briefly shined the light down the stairs. He observed "fire debris" on the stairs, including charred wood, insulation and, possibly, drywall.
Field directed his light overhead at the Romex cable so that he could follow it to the main electrical panel, where he assumed he could turn on the temporary lighting. He then descended the stairs. There was a guardrail on the left side of the stairs, but Field did not use it because he was holding the flashlight in his left hand.
On the fourth step down, Field slipped on debris. In deposition testimony, he stated he slipped on something "harder than" insulation and surmised it was a piece of charred wood, but he could not identify the object with certainty because he was looking up, not down, before the fall. In his affidavit, he claimed the debris he slipped on consisted of "loose insulation, charred wood embers and soot. It was moist."
Field landed on his left buttock, two stairs from the bottom. He got up and proceeded with his work, traversing the stairs approximately five more times without incident.
 LAW AND ANALYSIS
The first assignment of error concerns the duty of care that each defendant owed to appellant. The existence of a duty of care is a question of law for the court to decide. Mussivand v. David
(1989), 45 Ohio St.3d 314, 318. The defendants stand in a different relation to Field, and their liability, therefore, must be analyzed separately.
 A. Duty of Land Owner/Occupier to Invitee.
Generally, the employee of an independent contractor hired by a property owner to work on the premises is an invitee. Taylor v.B.P. Exploration Oil, Inc. (1994), 96 Ohio App.3d 318, 322. Owners and occupiers of property owe a duty of ordinary care to invitees to maintain their premises in a reasonably safe condition so that invitees are not unreasonably exposed to danger. Paschal v. Rite Aid Pharmacy (1985), 18 Ohio St.3d 203,203-04. This duty includes a duty to inform an invitee of any hazardous conditions on the premises that are not known or obvious to the invitee. Taylor, 96 Ohio App.3d at 322.[1]
Concomitantly, however, a property owner has no duty to inform an invitee about open and obvious dangers on the property. "[T]he open and obvious nature of the hazard itself serves as a warning." Simmers v. Bentley Constr. Co. (1992), 64 Ohio St.3d 642,644.
In this case, Field was informed the building had been fire damaged before he went there. He knew he would be alone on the premises and did not know whether there would be lighting. The lack of lighting and the debris on the stairs were open and obvious dangers, and he was actually aware of them before he descended the stairs. Under these circumstances, the owners and occupiers of the premises, the Loders, Higdon and Aardvark, owed no duty of care to Field.
 B. Contractor's Duty of Care to Sub-Contractor's Employee.
The basis upon which plaintiffs seek to hold MP Mural Construction Co. liable is unclear. Mural retained Brennan to restore heat to the premises, but it did not owe any duty to Field for that reason alone. Cafferkey v. Turner Constr. Co.
(1986), 21 Ohio St.3d 110, syllabus. Mural did not actively participate in control or supervision of Field's activities on the premises or control any critical variable in the environment in which he worked. Cf. Sopkovich v. Ohio Edison Co. (1998),81 Ohio St.3d 628, 643.
There is no doubt that Brennan (and thus Field) was retained to perform work that was inherently dangerous; as with a construction site, a building recently damaged by fire involves many potential risks that demand caution by any person working there. Moreover, Field was actually aware of the dangers inherent in working in this building, including the lack of light and the existence of debris on the stairs. Although appellants argue that Mural had an obligation to clean the premises before inviting Field there, they have not explained the legal basis for this alleged obligation, and the court can find none.
Therefore, the court overrules appellants' first assignment of error. As a matter of law, the appellees-defendants owed no duty of care to appellants, so the trial court properly granted summary judgment in their favor. This determination renders moot appellants' remaining assignments of error. See App.R. 12(A)(1)(c).
It is ordered that appellees recover of appellants their costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES D. SWEENEY, J. and ANNE L. KILBANE, J. CONCUR
 _________________________________ PRESIDING JUDGE KENNETH A. ROCCO
[1] Appellants also argue the defendants owed them a duty of care under the frequenter statute, R.C. 4101.11. "The duty owed to frequenters, i.e., including employees of other companies, is no more than a codification of the common law duty owed by an owner or occupier of premises to invitees * * *." Eicher v.United States Steel Corp. (1987), 32 Ohio St.3d 248, 249. Therefore, the common law analysis undertaken here applies equally to appellant's claim that he was owed a duty of care under the frequenter's statute.