DECISION AND JUDGMENT ENTRY
This matter is before the court on appeal from the Ottawa County Court of Common Pleas.
On May 20, 1994, appellant, Pauline Lowe, fell outside of Bassett I.G.A Foodstore ("Bassett"). As a result, she sustained severe injuries to her arm. Appellants Lowe and her husband Chester Lowe filed a complaint against appellee, Bassett, seeking compensation for her injuries. They alleged that Bassett negligently caused and/or permitted a dangerous and hazardous condition to exist at the entrance of the store. Appellee filed a motion for summary judgment which was granted on May 18, 2000. Appellants now appeal setting forth the following assignments of error:
 "I. THE COMMON PLEAS COURT ERRED AS A MATTER OF LAW AND ABUSED ITS DISCRETION IN DETERMINING THE FACTUAL ISSUES AGAINST THE APPELLANTS UNDER RULE 56(C); SAID FACTUAL ISSUES SHOULD HAVE BEEN LEFT TO THE JURY.
 "II. THE COMMON PLEAS COURT ERRED IN GRANTING APPELLEE'S MOTION TO DISMISS APPELLANT CHESTER LOWE'S LOSS OF CONSORTIUM CLAIM UNDER CIVIL RULE 12(B)(6) SINCE APPELLANT'S COMPLAINT CLEARLY ALLEGES THAT APPELLANT CHESTER LOWE'S LOSS OF CONSORTIUM AND LOSS OF SERVICES CLAIM ARISE FROM DEPRIVATION OF HIS WIFE'S SERVICES AND CONSORTIUM MANY MONTHS FOLLOWING HIS WIFE'S ACCIDENT ON MAY 20, 1994; THE COURT MAY ONLY GRANT A MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM IF THERE IS NO SET OF FACTS ALLEGED BY THE COMPLAINT UNDER WHICH AN APPELLANT MAY RECOVER."
A business owner owes a business invitee a duty of ordinary care to maintain the premises in a reasonably safe condition so that an invitee is not unnecessarily and unreasonably exposed to danger. Paschal v. RiteAid Pharmacy, Inc. (1985), 18 Ohio St.3d 203. When an invitee is seeking to recover for a slip and fall, he must prove either:
 "that [the storekeeper] or one of his employees had actual knowledge of the hazard and neglected to give adequate notice of its presence or remove it promptly, or (2) that the danger had existed for a sufficient time reasonable to justify the inference that the failure to warn against it or remove it was attributable to a want of ordinary care." Johnson v. Wagner Provision Co. (1943), 141 Ohio St. 584, paragraph three of the syllabus.
However, the owner has no duty to protect an invitee against dangers which are known to the invitee or which are so obvious and apparent that the invitee may reasonably be expected to discover them and protect himself against them. Babcock v. Marathon Petroleum Co. (Aug. 7, 1992), Sandusky App. No. S-91-43, unreported, citing Paschal,18 Ohio St.3d at 203-204. The particular facts of each case must be examined to determine whether a danger is open and obvious. Miller v. Beer Barrel Saloon, (May 24, 1991), Ottawa App. No. 90-OT-050, unreported.
In reviewing a summary judgment, this court must apply the same standard as the trial court. Lorain Natl. Bank v. Saratoga Apts. (1989),61 Ohio App.3d 127, 129. Summary judgment will be granted when there remains no genuine issue of material fact and, when construing the evidence most strongly in favor of the non-moving party, reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law. Civ.R. 56(C).
Appellants contend, in their first assignment of error, that there is a genuine issue of material fact as to whether Pauline Lowe was distracted from seeing the curb before her fall. Specifically, appellants contend that Bassett was negligent in placing a large, yellow sign in front of the entranceway which distracted Pauline Lowe from looking down.
At her deposition, Pauline Lowe testified that she was sitting in the backseat of a car her husband was driving when the couple stopped for groceries at Bassett. Chester Lowe pulled up in front of the store to let his wife out of the car. Pauline Lowe testified that she stepped out of the car, tripped over a six inch curb and fell to the ground. Pauline Lowe testified that she assumed the area was flat so she never looked down before her fall. When asked if she would have seen the curb had she looked down, Pauline Lowe answered "[P]robably in retrospect, but not at the time." In her deposition, Pauline Lowe never mentioned a yellow sign or any other kind of "distraction."
After carefully reviewing the entire record in this matter, we find that appellants have not presented evidence that is sufficient to raise a genuine material issue of fact and, when construing the evidence that was before the court most strongly in favor of appellants, reasonable minds can only conclude that appellants failed to establish that appellee violated its duty to maintain the premises in a reasonably safe condition. Moreover, any danger that did exist was so obvious and apparent that appellant could reasonably have been expected to discover it and protect herself against it. We find that appellants have not established that appellee breached its duty of care to them and the trial court properly granted summary judgment to appellee. Appellants' first assignment of error is not well-taken. Given our disposition of appellants' first assignment of error, appellants' second assignment of error is rendered moot.
On consideration whereof, the court finds that substantial justice has been done the party complaining, and the judgment of the Ottawa County Court of Common Pleas is affirmed. Costs assessed to appellants.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Melvin L. Resnick, J., James R. Sherck, J., Richard W. Knepper, J., CONCUR.