DECISION AND JUDGMENT ENTRY
This accelerated appeal from the Lucas County Court of Common Pleas arises from the grant of summary judgment to appellee, Syroco, Inc. Appellant, Gregory J. Covucci, asserts the following assignments of error:
 "I. THE TRIAL COURT JUDGE ERRED AS A MATTER OF LAW BECAUSE HE FAILED TO DETERMINE WHETHER THE DEFINITIONS OF THE WORDS CONTAINED IN THE STATUTE WHICH ARE CRITICAL FOR DETERMINING WHETHER APPELLEE PLACED A DANGEROUS PRODUCT, CONSTRUCT OR ASSEMBLY IN THE STREAM OF COMMERCE.
 "II. THE TRIAL COURT ERRED IN FINDING THAT APPELLEE HAD NO DUTY TO APPELLANT WHEN IT PUT INTO THE STREAM OF COMMERCE A PACKAGE/PRODUCT WHICH IT KNEW OR SHOULD HAVE KNOWN PRESENTED A SUBSTANTIAL RISK OF INJURY TO THE PERSONS HANDLING SAID PACKAGE/PRODUCT.
 "III. THE TRIAL COURT ERRED BY APPLYING THE DOCTRINE OF ASSUMPTION OF THE RISK TO APPELLANT EMPLOYEE."
Appellant began working for Service Merchandise, a retail department store, in 1990. The majority of appellant's work hours were spent in sales; however, he also worked in the warehouse whenever he was needed. Because he was six feet six inches tall and weighed two hundred thirty pounds, appellant was frequently asked to retrieve or move heavy merchandise.
On February 6, 1994, appellant and a fellow employee, David Brown, were asked to move an eight and one-half foot stack of resin lawn chairs that were banded together and encased in shrink wrap. The stack of chairs, weighing approximately three hundred fifty to four hundred pounds, rested on a bed of two by fours. Due to the weight of the stack, appellant decided that using a hand truck to move the chairs was not feasible; therefore, he opted to lay the stack on a six foot long cart.
As the two men "walked" the stack to the cart by lifting one corner of the stack at a time and moving it forward, Brown lost his grip on his side of the stack and it fell towards appellant striking him in the side of the head before landing on the cart. Appellant admitted that he had "walked" a stack of lawn chairs in this manner "many times" and that it was "a risky thing to do." Appellant returned to work after the accident, but later in the week went to see a physician, complaining of a headache, back pain and pain in his right groin, hip and leg.
Appellant subsequently filed, pro se, the instant cause of action against appellee, the manufacturer of the lawn chairs. The complaint attempts to set forth a product liability claim pursuant to R.C. 2307.71(M) and/or a claim of negligence on the part of appellee in the manner in which it stacked and shipped the lawn chairs. Appellee filed a motion for summary judgment arguing that it owed no duty to appellant under these circumstances. In his memorandum in opposition, appellant argued both negligence and certain elements that comprise the legal theory of product liability. Essentially, he maintained that he had not "assumed the risk" of the danger posed by the stack of lawn chairs.
In his judgment entry, the trial judge first determined that appellant's claim did not meet any of the statutory definitions of a product liability claim. The court then found that appellant's cause of action sounded in negligence. As to this cause, the judge held, interalia, that the packaging of the chairs was an "open and obvious" danger and, therefore, appellee had no duty to warn appellant of the risk involved in moving them. Consequently, the court granted appellee's motion for summary judgment.
The standard applicable to the case at bar is found in Civ.R. 56. Civ.R. 56(C) provides for the granting of summary judgment when "(1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." Temple v. Wean United, Inc. (1977),50 Ohio St.2d 317, 327.
In his Assignment of Error No. I, appellant contends that the trial court erred in finding that he did not have a product liability claim as defined in R.C. 2307.71(M). This statute provides:
 "(M) `Product liability claim' means a claim that is asserted in a civil action and that seeks to recover compensatory damages from a manufacturer * * * for * * * physical injury to person * * * that allegedly arose from any of the following:
 "(1) The design, formulation, production, construction, creation, assembly, rebuilding, testing, or marketing of that product;
 "(2) Any warning or instruction, or lack of warning or instruction, associated with that product;
 "(3) Any failure of that product to conform to any relevant representation or warranty."
Appellant focuses on the definitions of the terms found in R.C.2307.71(M)(1), arguing, in essence, that reasonable minds could reach different conclusions on the question of whether the packaging of the lawn chairs falls within the meaning of these terms. We disagree.
Here, the products were the lawn chairs themselves, not the packaging of those chairs for shipment to retail outlets. Under the particular facts of this case, the packaging of the chairs had nothing to do with their design, formulation, production, construction, creation, assembly, rebuilding, testing, or marketing. In short, appellant's cause of action is actually based upon appellee's alleged negligent packaging of the product, that is the lawn chairs. Accordingly, the trial court did not err in determining, as a matter of law that appellant did not state a cause of action under R.C. 2307.71, et seq. Appellant's Assignment of Error No. I is found not well-taken.
Assignment of Error No. II asserts that the trial court erred in granting summary judgment based on a finding that appellee owed no duty to appellant. While the trial court based its decision on the fact that the danger was "open and obvious," a phrase generally used in determining whether a duty exists in a case involving alleged premises liability, seePaschal v. Rite Aid Pharmacy, Inc. (1985), 18 Ohio St.3d 203, we conclude that the trial court's decision on this issue is correct. See Myers v.Garson (1993), 66 Ohio St.3d 610, 614-615 (correct judgment will not be reversed because erroneous reason given for it).
In order to establish actionable negligence, a plaintiff must show the existence of a duty, a breach of that duty, and an injury proximately resulting therefrom. Federal Steel Wire Cord v. Ruhlin Constr. Co. (1989), 45 Ohio St.3d 171, 173. The existence of a duty in a negligence action is generally a question of law for the court to determine.Mussivand v. David (1989), 45 Ohio St.3d 314, 318. The determination of the existence of a duty depends upon the foreseeability of the injury.Federal Steel and Wire, 45 Ohio St.3d at 174. The test for foreseeability is whether a reasonably prudent person would have anticipated that an injury was likely to result from the performance or nonperformance of an act. Menifee v. Ohio Welding Products, Inc. (1984), 15 Ohio St.3d 75,77. Thus, whether appellee owed appellant a duty turns on whether a reasonably prudent person would have anticipated that appellant would be injured by way of appellee's alleged negligence in the manner in which it shipped the resin chairs.
Applying this law to the case before us, appellee, in packaging and shipping the resin lawn chairs could not anticipate a risk of injury to retail store employees would occur as the result of attempting to manually "walk" an eight and one-half foot stack of said chairs weighing between three hundred fifty to four hundred pounds. Thus, the injury to appellant was not foreseeable, and no question of fact exists on the issue of a lack of duty owed to appellant by appellee. Accordingly, the trial court did not err in granting summary judgment to appellee on appellant's negligence claim. Appellant's Assignment of Error No. II is found not well-taken.
As to appellant's Assignment of Error No. III, the trial court, having found that appellee owed no duty to appellant, never considered, and did not need to consider, assumption of the risk and/or comparative negligence. Therefore, appellant's Assignment of Error No. III is found not well-taken.
The judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal.
 _______________________ RESNICK, M. L., J.
 Peter M. Handwork, J., Mark L. Pietrykowski, P.J. CONCUR.