[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
{¶ 1} This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
{¶ 2} Plaintiff-appellant Regina Irby appeals from the trial court's entry of summary judgment in favor of defendant-appellee, Western Hills Kroger ("Kroger"), in her slip-and-fall action for negligence. In her sole assignment of error, Irby argues the trial court erred in granting summary judgment. We disagree.
{¶ 3} We review the trial court's entry of summary judgment de novo, using the same standard that the trial court applied.[1] Summary judgment in favor of Kroger was appropriate under Civ.R. 56(C) if Kroger demonstrated the following: (1) there was no genuine issue of material fact; (2) it was entitled to judgment as a matter of law; and (3) after construing the evidence in the light most favorable for Irby, reasonable minds could only reach a decision adverse to her.[2]
{¶ 4} The record transmitted to this court demonstrates the following facts. On the evening of November 22, 1998, Irby and her son were shopping at the Western Hills Kroger on Glenway Avenue. When she had finished shopping, Irby pushed her shopping cart to an express checkout lane and placed the items in her cart onto the counter. After the cashier had scanned the items, Irby paid for them. The cashier then placed the items in plastic bags. Irby picked up the bags and turned to leave the store. At that point, Irby had not seen anything on the store floor. As she began walking away from the checkout area, however, her feet started to slide and Irby fell. When Irby placed her hands on the floor, she felt something sticky. She noticed smashed grapes on her shoe.
{¶ 5} Thomas Herman, the Kroger manager who was on duty, filled out an incident report, which stated that Irby had fallen at the front end of the store. During his deposition, Herman outlined Kroger's policy for cleaning the floors. He testified that the floors in the store were swept once an hour and that the store's manager would walk through the store and inspect the floors every hour. In addition, Herman testified that customer-service employees inspected the floors at the front of the store. Herman further stated that cashiers, if they had knocked or dropped anything on the floor, were expected to leave the register and to pick it up right away.
{¶ 6} Under Ohio law, a store has a duty to keep its premises in a reasonably safe condition so that its customers are not exposed to unnecessary or unreasonable danger.[3] Store owners, however, are not insurers of the safety of their customers.[4] When a customer's injury arises from a "slip and fall" due to the presence of a foreign substance on the floor, the store is not liable for the injury unless the customer can show the following: (1) that the store, through its officers or employees, placed the substance on the floor; (2) at least one of the store's officers or employees, had actual knowledge of the presence of the substance and failed to remove it or to warn the customer; or (3) the store, through its officers or employees, had constructive notice of the substance because it had been on the floor long enough that the store officers or employees should have known of its presence and removed it or warned the customer.[5] This court, in Catanzano v. Kroger Co., held that proof of constructive notice requires more than just speculation; it requires a degree of certainty.[6]
{¶ 7} Irby argues that Kroger's policy of continuously monitoring the store, including the area around the registers, combined with the cashiers' duty not only to bag produce at the express checkout lanes, but also to keep the area around their registers clean, created a genuine issue of material fact as to whether Kroger either caused the grapes to be on the floor or it had notice of the grapes on the floor. Kroger argues, on the other hand, that summary judgment was appropriate given that the only evidence Irby adduced was that she had seen grapes on her shoes after she had fallen. Kroger argues that this evidence alone was too speculative to demonstrate that it had actual or constructive notice of the grapes. We agree.
{¶ 8} Here there is nothing in the record to establish that Kroger, through its officers or employees, caused the grapes to be on the floor, knew that they were on the floor, or should have known they were there before Irby's fall, especially when no one, including Irby, observed the grapes on the floor until after Irby had fallen. Because Irby did not present any evidence indicating that Kroger caused the grapes to be on the floor or had either actual or constructive knowledge of the grapes, reasonable minds could only conclude that Kroger was entitled to judgment. Consequently, we affirm the entry of summary judgment by the trial court.
{¶ 9} Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
 Sundermann, P.J., Hildebrandt and Gorman, JJ.
[1] Doe v. Shaffer, 90 Ohio St.3d 388, 390, 2000-Ohio-186,738 N.E.2d 1243.
[2] Zivich v. Mentor Soccer Club, Inc., 82 Ohio St.3d 367, 369-370,1998-Ohio-389, 696 N.E.2d 201.
[3] Paschal v. Rite Aid Pharmacy, Inc. (1985), 18 Ohio St.3d 203,480 N.E.2d 474.
[4] Boles v. Montgomery Ward and Co. (1950), 153 Ohio St. 381,92 N.E.2d 9.
[5] Barker v. Wal-Mart Stores, Inc., 10th Dist No. 01AP-658, 2001-Ohio-8854.
[6] (Jan. 11, 1995), 1st. Dist. No. C-930761.