{¶ 18} I concur both in the opinion and judgment of the court. I write separately merely to indicate my reasons for joining in a decision in what I consider to be a close case.
 {¶ 19} It is not the duty of the owner of business premises to protect an invitee from all exposure to the risk of harm, but only to protect against unnecessary and unreasonable exposure to danger. Paschal v. Rite Aid Pharmacy, Inc. (1985),18 Ohio St. 3d 203. Brown's theory of negligence in this case is that she tripped over a mat, causing her to fall. The mat was open and obvious. The closer question is whether the hazard posed by the mat was open and obvious.
 {¶ 20} One difficulty in analyzing whether the hazard posed by the mat was open and obvious is that it is not clear what attribute of the mat caused Brown's fall. At the oral argument of this case, Brown's counsel theorized that there was a wrinkle in the mat, and that Brown's shoe caught on the edge of the wrinkle (at the edge of the mat, presumably), causing her to trip and fall. Alternatively, the thickness of the mat itself, being the difference in elevation between the floor and the top surface of the mat, was what caught Brown's shoe. Another possibility is that a corner of the mat was flipped over, and that it was this flipped-over portion of the mat that caught Brown's shoe, although this theory seems to be at variance with some evidence in the case.
 {¶ 21} All of these potential hazards posed by the mat would seem to be obvious, in the sense that one expects a free-standing mat to: (1) wrinkle frequently; (2) have a thickness; and (3) have a flipped-over corner frequently. They are not unreasonable hazards that a frequenter of commercial establishments with free-standing mats could not be expected reasonably to foresee. Furthermore, they are necessary hazards of free-standing mats, and the mats, themselves, are reasonable to employ to avoid potentially greater hazards posed by liquids or slippery solids spilling onto the floor.
 {¶ 22} In my view, therefore, the mere fact that employees of the defendant store were aware that employees and patrons had slipped or tripped over the mats in the past[1] would not, in itself, establish that Brown was exposed to an unnecessary and unreasonable danger.
 {¶ 23} I am unable to distinguish the facts in this case from the facts in Barlow v. Thorne Foods, Inc. (June 20, 1985), Carroll App. No. 505, a case cited by Brown. In Barlow, a patron of a grocery store tripped over a four foot by seven foot carpet with plain rubber backing between the exit and the check out counter. As in the case before us, the plaintiff was not sure what caused her to trip over the mat. Likewise, as in the case before us, there was evidence that others had "tripped or stumbled" over the mat in the past. If Barlow is still good law in the Seventh Appellate District Court of Appeals, I would regard our judgment in this case to be in conflict with the judgment in Barlow.
Brogan, P.J., concurs with Judge Fain's concurring opinion.
[1] I realize that this evidence is disputed, but the evidence must be viewed in a light most favorable to Brown, since summary judgment was rendered against her.