DECISION AND JUDGMENT ENTRY
{¶ 1} This is an accelerated appeal from the December 21, 2004 judgment of the Lucas County Court of Common Pleas which granted summary judgment to defendants-appellees, Lucky Dollar, Inc., Ahmad Deen, Samir El-Okdi, Mohamad J. Burkett, and Aicha H. Burkett.[1] For the reasons set forth herein, we affirm the trial court's decision.
 {¶ 2} On May 9, 2000, plaintiff-appellant, Vernell Heard, was injured when he was struck by bricks, mortar, and other debris which fell from the roof and façade of the Lucky Dollar General Store located in Toledo, Ohio. It is undisputed that at the time of the incident, severe weather, including strong winds and tornadoes, was passing through the area.
 {¶ 3} On January 2, 2004, appellant commenced the instant action. Appellant stated that appellees, Ahmad Deen and Samir El-Okdi, were the purchasers of the property at 1713 Jefferson Avenue, under a land installment contract with appellees, Mohamad and Aicha Burkett. Appellant claimed that appellees were negligent in failing to maintain the building and provide a reasonably safe premises for their business invitees.
 {¶ 4} Appellees Lucky Dollar, Inc., Deen, and El-Okdi filed their motion for summary judgment on June 28, 2004. Appellees argued that appellant could not demonstrate that a hazardous condition existed at the Lucky Dollar Store because the storm that damaged the store caused damage throughout the area. Further, appellees claimed that even assuming that a defect could be shown, appellees had no notice of such defect. In support of their motion, appellees attached the affidavits of Deen and El-Okdi which both stated that they had no knowledge of any alleged defect and that, prior to May 9, 2000, Toledo building inspectors had performed routine site inspections and had issued no citations relating to the structure of the building. On August 12, 2004, appellees Mohamad and Aicha Burkett filed a motion for summary judgment which concurred with the arguments made by Lucky Dollar, Deen and El-Okdi.
 {¶ 5} In support of his memorandum in opposition, appellant attached the affidavit of Richard Craven, a builder with 30 years of experience and whose specialty was in masonry and brickwork. Craven stated that "masonry and brick façade properly constructed and maintained would easily withstand wind gusts of 59 MPH" and that "failure to regularly inspect and maintain the masonry of the Lucky Dollar Store building was the reason for its deterioration and collapse during the stormy weather of May 9, 2000."
 {¶ 6} On December 21, 2004, the trial court granted appellees' motions for summary judgment finding that appellant failed to prove that the building was in an unsafe condition and that even if an unsafe condition existed, there was no evidence that appellees had knowledge of its existence. This appeal followed.
 {¶ 7} Appellant now raises the following assignment of error:
 {¶ 8} "The trial court erred in granting appellee's motion for summary judgment based on its findings that appellant offered no evidence sufficient to present a genuine issue of material fact as to causation, an essential element of this premises liability case."
 {¶ 9} We first note that appellate review of a trial court's grant of summary judgment is de novo. Grafton v. Ohio Edison Co. (1996),77 Ohio St.3d 102, 105, 1996-Ohio-336. Accordingly, we review the trial court's grant of summary judgment independently and without deference to the trial court's determination. Brown v. Scioto Cty. Bd. Of Commrs.
(1993), 87 Ohio App.3d 704, 711. Summary judgment will be granted only when there remains no genuine issue of material fact and, when construing the evidence most strongly in favor of the nonmoving party, reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law. Harless v. Willis Day Warehousing Co.
(1978), 54 Ohio St.2d 64, 66; Civ.R. 56(C). The burden of showing that no genuine issue of material fact exists falls upon the party who moves for summary judgment. Dresher v. Burt (1996), 75 Ohio St.3d 280, 294,1996-Ohio-107. However, once the movant supports his or her motion with appropriate evidentiary materials, the nonmoving party "may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Civ.R. 56(E).
 {¶ 10} In his sole assignment of error, appellant contends that the trial court erroneously disregarded his expert's opinion because it "was entirely opposite the points contended by the appellee in its motion." We disagree.
 {¶ 11} For purposes of this appeal, the parties do not dispute that on the date of the incident appellant was a business invitee. Generally, an owner or occupier of a business premises owes a duty of ordinary care in maintaining the premises in a reasonably safe condition, Paschal v. RiteAid Pharmacy, Inc. (1985), 18 Ohio St.3d 203; however, the owner or occupier is not the insurer of the business invitee's safety. Id. Business invitees are to be warned of latent or concealed perils of which the business owner or building occupier has, or reasonably should have, knowledge. Perry v. Eastgreen Realty Co. (1978), 53 Ohio St.2d 51, 52.
 {¶ 12} Upon careful consideration of the evidence that was before the trial court and the applicable law, we find that no issue of fact remains as to appellant's claim. Appellant failed to present any evidence of appellees' knowledge or constructive knowledge of the alleged structural defect. Accordingly, we find that the trial court did not err in granting summary judgment in favor of appellees. Appellant's assignment of error is not well-taken.
 {¶ 13} On consideration whereof, we find that substantial justice has been done the party complaining, and the judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expenses in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
Judgment affirmed.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Handwork, J., Pietrykowski, J., Parish, J., concur.
[1] Although named as appellees, Mohamad and Aicha Burkett did not participate in the appeal.