DECISION AND JUDGMENT ENTRY
{¶ 1} Appellants, Sheila DeVault and Robert DeVault, Jr., appeal from a judgment entry by the Lucas County Court of Common Pleas that granted appellee St. Charles Mercy Hospital's motion for summary judgment in this premises liability action. For the reasons that follow, the judgment of the trial court is affirmed.
 {¶ 2} On August 21, 2000, at approximately 7:00 p.m., appellants arrived at St. Charles to visit Mr. DeVault's father, a patient in the hospital. Appellants entered a hospital elevator and exited on the second floor. After visiting with Mr. DeVault's father for between 45 minutes and an hour, appellants returned to the elevator on the second floor at approximately 8:00 p.m. Upon reaching the elevator, Mrs. DeVault slipped in a puddle of clear, "gooey", liquid that was on the floor in front of the bank of elevators. According to testimony by Mrs. DeVault, the substance had not been there at 7:00 p.m., when she arrived for the visit.
 {¶ 3} Ron Klink, a hospital orderly who went to help Mrs. DeVault off the floor after her fall, stated that the substance in which she had fallen "wasn't a puddle," but was "more or less of a stain" that had been there "for a few minutes." Klink guessed that the substance may have been spilled orange juice or pop.
 {¶ 4} Affidavit testimony by St. Charles security coordinator, Lorry Stone, established that a routine safety and security check of the area where Mrs. DeVault fell had been performed between the hours of 7:00 and 8:00 p.m. on the evening in question, and that no hazards had been observed or recorded.
 {¶ 5} On August 14, 2002, appellants filed a complaint alleging negligence and loss of consortium. On July 29, 2004, St. Charles moved for summary judgment on the grounds that there was no evidence that St. Charles had created the condition that resulted in Mrs. DeVault's slip and fall or that St. Charles had actual or constructive notice of the condition.
 {¶ 6} On September 1, 2005, the trial court granted summary judgment in favor of St. Charles, holding that "the window of time in which the spill and the subsequent fall occurred was insufficient to place the Defendant on constructive notice", and that "Plaintiffs [had] failed to allege that the hospital inspection policies were unreasonable". Thus, the court concluded that "the Plaintiff [had] failed to prove that constructive notice of the spill was present."
 {¶ 7} Appellants timely appealed the trial court's judgment, asserting the following as its sole assignment of error:
 {¶ 8} I. "THE COURT OF COMMON PLEAS OF LUCAS COUNTY ERRED IN GRANTING APPELLEE'S MOTION FOR SUMMARY JUDGMENT WHERE THERE EXISTED AN ISSUE OF MATERIAL FACT CONCERING WHETHER APPELLEE HAD CONSTRUCTIVE NOTICE OF THE SPILL THAT CAUSED MRS. DEVAULT'S INJURY."
 {¶ 9} An appellate court reviewing a trial court's granting of summary judgment does so de novo, applying the same standard used by the trial court. Grafton v. Ohio Edison Co. (1996),77 Ohio St.3d 102, 105. Civ.R. 56(C) provides:
 {¶ 10} "* * * Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as considered in this rule. * * *"
 {¶ 11} Summary judgment is proper where: (1) no genuine issue of material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) when the evidence is viewed most strongly in favor of the nonmoving party, reasonable minds can come to but one conclusion, a conclusion adverse to the nonmoving party. Ryberg v. Allstate Ins. Co.
(July 12, 2001), 10th Dist. No. 00AP-1243, citing Tokles Son,Inc. v. Midwestern Indemnity Co. (1992), 65 Ohio St.3d 621, 629.
 {¶ 12} The moving party bears the initial burden of informing the trial court of the basis for the motion and identifying those portions of the record that demonstrate the absence of a genuine issue of fact as to an essential element of one or more of the non-moving party's claims. Dresher v. Burt (1996),75 Ohio St.3d 280, 292. Once this burden has been satisfied, the non-moving party has the burden, as set forth at Civ.R. 56(E), to offer specific facts showing a genuine issue for trial. Id.
 {¶ 13} Under Ohio law, a visitor of a patient in a hospital is an invitee. Bowins v. Euclid General Hosp. Assoc. (1984),20 Ohio App.3d 29, 30. A business owner owes its invitees a duty of ordinary care "in maintaining the premises in a reasonably safe condition so that its customers are not unnecessarily and unreasonably exposed to danger." Paschal v. Rite Aid Pharmacy,Inc. (1985), 18 Ohio St.3d 203. But a business owner is not an insurer of an invitee's safety. Id.
 {¶ 14} To recover in a slip and fall negligence case against the premises owner, the invitee must establish: (1) that the premises owner through its officers or employees was responsible for the hazard complained of; or (2) that at least one of those persons had actual knowledge of the hazard and neglected to give adequate notice of its presence or remove it promptly; or (3) that the danger had existed for a length of time sufficient to justify the inference that the failure to warn against it or remove it was attributable to a lack of ordinary care. Johnsonv. Wagner Provision Co. (1943), 141 Ohio St. 584, 589.
 {¶ 15} Here, the only issue in dispute is whether appellants presented evidence sufficient to demonstrate that the hazard existed for such a length of time that it would have been discovered in the exercise of ordinary care. As indicated above, Mrs. DeVault unequivocally stated at deposition that the substance she slipped on at 8:00 p.m. had not been there at 7:00 p.m. Thus, by her own testimony, Mrs. DeVault established that the offending substance was on the floor for a period of one hour or less. This testimony is consistent with that of orderly Klink, who stated that the substance was there for a "few minutes," and with that of security coordinator Stone, who stated that a routine safety and security check performed between the hours of 7:00 and 8:00 p.m. revealed no hazard in the subject area. It is undisputed that none of St. Charles's employees observed any hazard prior to Mrs. DeVault's fall. And the record is void of any evidence or allegation to suggest that St. Charles's safety procedures were unreasonable or, in this case, unfollowed. On these facts and circumstances, we are constrained to find that appellants have failed to demonstrate that St. Charles, in the exercise of ordinary care, should have discovered the spill that resulted in Mrs. DeVault's fall. Cf., Strzesynski v. FranksNursery Crafts, Inc., 6th Dist. No. L-02-1103, 2002 Ohio 4348 (Holding that plaintiffs in slip and fall action failed to meet burden to overcome summary judgment in favor of store owner where: (1) the material slipped on was present for less than an hour; (2) no store employee knew of the hazard prior to plaintiff's fall; and (3) there was no evidence to suggest that store's inspection policies was unreasonable.) Accordingly, appellants' assignment of error is found not well-taken.
 {¶ 16} Because we find that appellants failed to present evidence creating a genuine issue of material fact as to whether St. Charles had constructive notice of the condition that caused Mrs. DeVault's slip and fall, the judgment of the Lucas County Court of Common Pleas is affirmed. The DeVaults are ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Pietrykowski, J., Parish, J., Skow, J., Concur.