OPINION
{¶ 1} Plaintiffs-appellants, Joann Howarton and Michael Howarton, appeal a decision by the Butler County Court of Common Pleas granting summary judgment to defendant-appellee, Complete Petmart. We affirm the decision of the trial court.
 {¶ 2} On October 19, 2002, Joann Howarton, visited a Complete Petmart store located in West Chester, Ohio to purchase a three-pound bag of cat food. Mrs. Howarton entered the store, located the cat food that she wished to purchase, and began walking toward the checkout counter. On the way, she tripped and fell over a riser on the floor. She stated that there were two or three bags of cat litter on the back of the riser, but that there was nothing stacked on the front part of the riser where she tripped and fell. Mrs. Howarton stated that the color of the riser itself was very similar to the color of the floor.
 {¶ 3} Mrs. Howarton also stated that she had visited the same Complete Petmart store the day before and had tripped on the same corner of the same riser. That time, she kept her balance and avoided falling to the floor. After this near-accident, Mrs. Howarton told Penny, a store employee, that she had almost fallen. According to Mrs. Howarton, Penny stated, "you know, I almost did the same thing. We really need to get that stocked."
 {¶ 4} As a result of the fall, Mrs. Howarton severely injured her left knee, resulting in multiple operations, medical expenses and pain and suffering.
 {¶ 5} On October 18, 2004, Mrs. Howarton and her husband filed a complaint in the Butler County Court of Common Pleas against Complete Petmart and other defendants claiming negligence and seeking damages for temporary and permanent bodily injuries, pain and suffering, medical expenses and lost wages. Mr. Howarton claimed loss of consortium.
 {¶ 6} On September 16, 2005, Complete Petmart and DGA, Inc., another defendant, moved for summary judgment. Complete Petmart and DGA contended that they were entitled to judgment because the riser was an open and obvious condition, and because the danger was known to Mrs. Howarton because she tripped over the same riser the day before.
 {¶ 7} In a decision filed on February 28, 2006, the trial court granted the motion for summary judgment. The trial court concluded that since the danger that the riser posed was known to Mrs. Howarton, the store was under no duty to further protect her from this hazard. The court stated that because Mrs. Howarton had admitted to having actual knowledge of the hazard that this particular riser posed, it did not need to consider whether the riser constituted an open and obvious condition.
 {¶ 8} Mr. and Mrs. Howarton thereafter filed the present appeal raising the following assignment of error:
 {¶ 9} "THE TRIAL COURT ERRED TO THE PREJUDICE OF PLAINTIFFS-APPELLANTS IN GRANTING DEFENDANTS-APPELLEES' MOTION FOR SUMMARY JUDGMENT."
 {¶ 10} A shopkeeper owes business invitees a duty of ordinary care in maintaining the premises in a reasonably safe condition so that its customers are not unnecessarily and unreasonably exposed to danger. A shopkeeper is not, however, an insurer the customer's safety. Paschal v. Rite Aid Pharmacy, Inc. (1985),18 Ohio St.3d 203. A shopkeeper is under no duty to protect business invitees from dangers "which are known to such inviteeor are so obvious and apparent to such invitee that he may reasonably be expected to discover them and protect himself against them." (Emphasis added.) Id., quoting Sidle v. Humphrey
(1968), 13 Ohio St.2d 45, paragraph one of the syllabus.
 {¶ 11} In the present case, Mrs. Howarton without question was aware of the hazard which caused her fall. She admittedly tripped over the same riser, in the same place, at the same store the day before. Complete Petmart therefore had no duty to further protect her and is not responsible for her injuries. Although appellants argue that there is a jury question as to whether the danger was open and obvious because the riser arguably blended into the color of the floor at the store, the trial court correctly found that it was not necessary to reach the "open and obvious" issue because Mrs. Howarton knew about the hazard involved.
 {¶ 12} We find that the trial court properly granted the motion for summary judgment and overrule the assignment of error.
 {¶ 13} Judgment affirmed.
Powell, P.J., and Young, J., concur.