DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Erie County Court of Common Pleas, which granted appellee's motion for summary judgment pursuant to Civ.R. 56. For the reasons set forth below, this court affirms the judgment of the trial court. *Page 2 
 {¶ 2} Appellant, Matthew Roberts, sets forth the following three assignments of error:
 {¶ 3} "I. This Trial Court committed prejudicial error by relying upon hearsay documents as the basis for granting appellee's motion for summary judgment.
 {¶ 4} "II. The Trial Court committed prejudicial error by granting appellee's motion for summary judgment when conflicting evidence created a genuinely disputed fact allowing a jury trial.
 {¶ 5} "III. The Trial Court committed prejudicial error by not complying with appropriate standards when granting summary judgment to appellee."
 {¶ 6} The following undisputed facts are relevant to the issues raised on appeal. The genesis of this case is rooted in a rash act of criminal violence transpiring between patrons of the Cedar Point amusement park in Sandusky, Ohio.
 {¶ 7} On September 20, 2001, appellant was a patron at Cedar Point. Appellant encountered a group of patrons unknown to appellant while utilizing the Grand Prix race cars attraction. A member of this group perceived that appellant had intentionally maltreated a member of their group.
 {¶ 8} A verbal altercation ensued between appellant and several female members of the group. As the altercation escalated, appellant attempted to *Page 3 
extricate himself from the precarious situation. Appellant began to walk away from the group as he sensed the hostility posed a threat of danger. As the situation escalated, appellant determined that he should leave. Before he could walk, things suddenly became violent. Appellant was struck and punched. Appellant was then stabbed multiple times by an unknown male. The assailant's identity was later determined. He was criminally prosecuted for the stabbing of appellant.
 {¶ 9} A witness notified the Cedar Point Police Department of the incident. The police and emergency medical personnel arrived at the scene within minutes. Appellant was provided with emergency medical treatment, stabilized, and transported to Firelands Hospital. Approximately one-half hour elapsed between the time that emergency personnel arrived at the scene and appellant was delivered to the emergency room.
 {¶ 10} On March 21, 2003, appellant filed a complaint alleging that negligence by appellee proximately caused the stabbing of appellant. On May 20, 2003, appellee filed its answer to the complaint. Appellee simultaneously filed a third-party complaint against the tortfeasor.
 {¶ 11} On September 15, 2005, appellee filed for summary judgment. On November 20, 2005, appellant filed a brief in opposition to summary judgment. On December 7, 2005, appellee filed its reply to appellant's opposition to summary *Page 4 
judgment. On April 20, 2006, the trial court granted summary judgment to appellee. In its summary judgment ruling, the trial court determined that appellant failed to establish actionable negligence by appellee causing the stabbing of appellant on appellee's premises. Appellant filed a timely notice of appeal.
 {¶ 12} In his first assignment of error, appellant asserts that the trial court erred in relying on improper hearsay documents in rendering its summary judgment decision. Specifically, several exhibits were attached to the summary judgment affidavit of Cedar Point Police Chief Majoy. These purportedly improper hearsay documents include a police radio log, a police report, and written witness statements. All of these documents were prepared in the course of the police department's response to an investigation of the knife attack on appellant.
 {¶ 13} Evid.R. 801(C) establishes in pertinent part that hearsay is, "a statement, other than one made by the declarant while testifying at the trial or hearing, offered to prove the truth of the matter asserted." While our review of the affidavit and contested exhibits does not persuade us that they were submitted as indicia of the truth of the matter, Evid.R. 803 alleviates the need for further analysis on this point.
 {¶ 14} Evid.R. 803(6) establishes the business record exception to the hearsay rule. It defines as being exempted from the hearsay rule, "a memorandum, *Page 5 
report, record, or data compilation, in any form, of acts, events, or conditions, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted this effectively, and if it was the regular practice of that business activity to make a memorandum, report, record, or data compilation."
 {¶ 15} We find that the disputed exhibits attached to the summary judgment affidavit of Chief Majoy are encompassed by the business record exception. The documents would have been admissible. Given this, it cannot be said that the trial court's reliance on these documents was prejudicial to appellant. Appellant's first assignment of error is not well-taken.
 {¶ 16} In appellant's second assignment of error, he argues that his own affidavit creates a genuine issue of material fact. Specifically, appellant contends that his affidavit renders uncertain the issue of whether appellee could have foreseen the risk of harm to appellant. We have carefully scrutinized appellant's affidavit. We do not concur in his assessment of the application of the affidavit to this case.
 {¶ 17} On the contrary, we note that the affidavit presents conclusory and unsupported allegations connected to the issue of appellee's negligence as legally *Page 6 
relevant facts. Appellant's unsubstantiated beliefs regarding the actions of others prior to the stabbing incident are simply not legally relevant.
 {¶ 18} We find nothing in appellant's affidavit that creates a genuine issue of material fact connected to the alleged negligence of the appellee. Nothing in appellant's affidavit constitutes legally relevant evidence in support of the contention that negligence by appellee proximately caused appellant's stabbing.
 {¶ 19} A group of park patrons convinced themselves that appellant had somehow maltreated one of them. They initiated a verbal altercation with appellant. They began to strike appellant before he could get away. Suddenly, one of them pulled a knife, lunged at appellant and stabbed him. There is no factual evidence in the record to establish that appellee could have foreseen such a rash, violent, and criminal act.
 {¶ 20} Nothing in the record establishes that appellee negligently screened the tortfeasor in his admission to the park. Nothing in the record establishes that appellee negligently failed to recognize that the tortfeasor presented a risk of physical harm to the other patrons in the park. Nothing in the record establishes that appellee failed to properly respond to the senseless and tragic stabbing of appellant on its premises. Appellant's second assignment of error is not well-taken. *Page 7 
 {¶ 21} In his third assignment of error, appellant alleges that the trial court failed to follow the appropriate legal standard in reaching its summary judgment decision.
 {¶ 22} It is well settled that to establish actionable negligence, a plaintiff must show the existence of the duty, a breach of the duty, and an injury proximately resulting therefrom. Fed. Steel Wire Corp. v.Ruhlin Constr. Co. (1989), 45 Ohio St.3d 171, 173. It is equally well settled that an owner or occupier of the business premises owes business invitees a duty of ordinary care in maintaining the premises and a reasonably safe condition and has the duty to warn invitees of latent or hidden dangers. Paschal v. Rite Aid Pharmacy, Inc. (1985),18 Ohio St.3d 203.
 {¶ 23} We must review the trial court's summary judgment decision on a de novo basis, applying the same standards as set forth above in determining the veracity of the trial court decision. Lorain Natl. Bankv. Saratoga Apts. (1989), 61 Ohio App.3d 127, 129. Based upon this de novo, independent review of the record, we find that appellant failed to establish actionable negligence by appellee. Appellant's third assignment of error is not well-taken.
 {¶ 24} On consideration whereof, the judgment of the Erie County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal *Page 8 
pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Erie County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
 Peter M. Handwork, J., Arlene Singer, J., Thomas J. Osowik, J. CONCUR. *Page 1