OPINION
Plaintiffs-appellants, Winifred Jean Brooks and Lyman Brooks, appeal a Butler County Court of Common Pleas decision granting summary judgment to defendant-appellee, Jo Ann Stores, Inc., in a slip and fall action. We affirm the decision of the trial court.
Winifred was a frequent customer of a Jo Ann store located on Brookwood Avenue in Hamilton. On October 23, 1998, Winifred went to the Jo Ann store to buy spools of thread. After selecting the thread she wanted to purchase, Winifred walked towards the cash register. Next to the checkout counter where magazines were displayed, several magazine insert cards had fallen out of the magazines and lay on the floor. Winifred saw these cards "all over" and had never seen "such a messy floor." Winifred had often noticed these cards on the floor on other visits as well. As she continued to walk towards the cash register, Winifred stepped on a card and slipped and fell.
Although Winifred saw the cards on the floor, she insists that she did not see the specific card that caused her to slip and fall. Winifred also stated that there was no way for her to walk to the checkout counter without stepping on a card, unless she tried to "hopscotch."
Winifred filed a negligence action against Jo Ann Stores, alleging that she should be compensated for medical bills and pain and suffering resulting from the accident. In an amended complaint, Winifred's husband, Lyman, requested compensation for loss of consortium. Jo Ann Stores moved for summary judgment. The trial court granted summary judgment, finding that because the condition of the floor around the cash register was open and obvious, Jo Ann Stores had no duty to protect Winifred from this potential hazard. Appellants appeal, contending that it was error to grant summary judgment to Jo Ann Stores.
Pursuant to Civ.R. 56(C), a summary judgment is appropriate when (1) there is no genuine issue as to any material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to only one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor. Harless v.Willis Day Warehousing Co. (1978), 54 Ohio St.2d 64, 66. This court reviews a trial court's decision to grant summary judgment de novo.Jones v. Shelly Co. (1995), 106 Ohio App.3d 440, 445.
The fact that a business invitee is injured in an accident does not give rise to a presumption of negligence by the owner or occupier of the premises. Parras v. Standard Oil Co. (1953), 160 Ohio St. 315, 319. To show actionable negligence, appellants must show the existence of a duty, a breach of that duty, and an injury proximately resulting from the breach. Texler v. D.O. Summers Cleaners Shirt Laundry Co. (1998),81 Ohio St.3d 677, 680.
An owner or occupier of property owes a duty of ordinary care to invitees to maintain the premises in a reasonably safe condition so that an invitee is not unreasonably or unnecessarily exposed to danger.Paschal v. Rite Aid Pharmacy, Inc. (1985), 18 Ohio St.3d 203. While a premises owner is not an insurer of its invitees' safety, the premises owner must warn its invitees of latent or concealed dangers if the owner knows or has reason to know of the hidden dangers. Jackson v. KingsIsland (1979), 58 Ohio St.2d 357, 359. An owner is under no duty, however, to protect a person from dangers "which are known to such invitee or are so obvious and apparent to such invitee that [she] may reasonably be expected to discover them and protect [herself] against them." Paschal at 203-204, quoting Sidle v. Humphrey (1968),13 Ohio St.2d 45, paragraph one of the syllabus.
Whether a duty exists is a question of law for the court to determine.Mussivand v. David (1989), 45 Ohio St.3d 314, 318. This court has previously held that the open and obvious doctrine can vitiate a duty owed to an invitee, despite the adoption of the comparative negligence statute. Hall v. Wilks (Nov. 24, 1997), Butler App. No. CA97-05-113, unreported, at 5; Hayes v. Wendy's Internatl., Inc. (Feb. 16, 1999), Warren App. No. CA98-07-074, unreported, at 8. See, also, Hart v.Dockside Townhomes, Ltd. (June 11, 2001), Butler App. No. CA2000-11-222, unreported. (Affirming summary judgment in favor of defendant based upon open and obvious doctrine without engaging in comparative negligence analysis.)
In this case, Winifred admitted that she saw the "mess" of magazine insert cards on the floor. Although Winifred denies seeing the particular card that caused her fall, she admits to seeing the hazard. After admitting that Winifred saw the cards, appellants nevertheless insist in the first assignment of error that this was not an open and obvious condition. We disagree with this argument. We find that because Winifred saw the cards on the floor, this condition was open and obvious, even if Winifred did not see the single card responsible for her fall.
In the second assignment of error, appellants argue that even if the floor's condition was open and obvious, Winifred failed to appreciate the potential dangerousness of this condition. Appellants contend that because Winifred had seen these cards on several other visits to the store but had never fallen before, she was unaware that if she stepped on a card she might fall. We do not agree with this line of reasoning. Just because Winifred successfully navigated around or through the cards on previous occasions does not mean that she did not appreciate that walking through this pile of cards could jeopardize her safety. At no time during her deposition did Winifred state that she was surprised that this condition had caused her fall, and common sense leads to the conclusion that walking through a pile of cards that has accumulated on a store floor could be hazardous.
Appellants further argue that because there was only one checkout line open at the time and because Winifred had to pay for the thread before leaving the store, she was unable to protect herself by avoiding this open and obvious condition. Again, we fail to see the merit to this argument. Upon noticing the cards on the floor, Winifred could have simply asked a Jo Ann Stores employee to clean up the cards before she walked any further. Although Winifred had complained about the "mess" on previous visits, she did not do so on the day of the accident, even though there was an employee stationed at the cash register when Winifred slipped and fell. Or, if Winifred had not wanted to complain, she could have simply picked up the cards herself to clear the way. Not only was this condition open and obvious, but it would have been cleared away quickly and easily. Winifred also had the option of retracing her steps and leaving the store without making a purchase. We hold that where Winifred failed to pursue any of these alternative ways to protect herself, the open and obvious doctrine bars the store from liability. Cf. Carey v. AK Steel Corp. (July 13, 1998), Butler App. No. CA98-02-022, unreported, at 9-10. (Finding that despite appellant's claim that he had no alternative to top-loading coal tar as was required by his job, the open and obvious doctrine relieved defendant-employer from liability where appellant could have hauled other substances or informed defendant that he viewed the top-loading coal car as unsafe.)
Winifred was capable of protecting herself from this condition, which she saw, but failed to take the appropriate measures to do so. Construing the facts in a light most favorable to appellants, reasonable minds could only conclude that the condition of the floor was open and obvious and that Jo Ann Store owed no duty to Winifred.
Appellants insist that the store was negligent in allowing the cards to accumulate on the floor and that a jury could determine that Winifred's negligence was less or equal to that of the store. Because we find that appellants have failed to demonstrate that Jo Ann Stores had a duty to protect Winifred from this condition, we need not reach the issue of comparative negligence. However, even if we were to apply a comparative negligence analysis to the facts of this case, we would still reach the same result.
Issues of comparative negligence are for a jury to resolve unless the evidence is so compelling that reasonable minds can reach only one conclusion. Simmers v. Bentley Constr. Co. (1992), 64 Ohio st.3d 642, 646. Under the comparative negligence statute, the trier of fact apportions the percentage of each party's negligence that proximately caused the plaintiff's injury. Id., citing R.C. 2315.19(B). A plaintiff may recover if her contributory negligence is equal or less than the negligence of the defendant. Id., citing R.C. 2315.19(A)(2). See, also, Schindler v. Gale's Superior Supermarket (2001), 142 Ohio App.3d 146,153.
Applying this test, we find that evidence was so compelling that reasonable minds can only conclude that Winifred's negligence in disregarding this open and obvious danger was greater than Jo Ann Stores' negligence in creating the condition. Therefore, even under the principles of comparative negligence, summary judgment was appropriate. The assignments of error are overruled.
Judgment affirmed.
YOUNG, P.J., and POWELL, J., concur.