This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Margaret Smock, appeals from the decision of the Lorain County Court of Common Pleas, which granted the motion for summary judgment of the appellees, Bob Evans Farms, Inc. and Cintas Corporation. We affirm.
 I.
{¶ 2} On April 30, 1999, Smock went to the Bob Evans restaurant in Amherst. Upon entering the restaurant, Smock tripped upon a carpeted floor mat that had been placed at the entrance by Cintas Corporation, the company that Bob Evans contracted with to maintain and service the restaurant's carpeted floor mats. Smock contends that one corner of the mat was curled up, causing an unevenness in the mat.
{¶ 3} Smock sustained a broken toe, and injuries to her knee and back. On April 27, 2001, Smock filed a complaint, alleging causes of action for negligence, against Bob Evans and Cintas. Bob Evans and Cintas filed a motion for summary judgment, which the trial court granted, holding that there were no genuine issues of material fact and that Bob Evans and Cintas were entitled to judgment as a matter of law because the condition of the carpet was an open and obvious condition. This appeal followed.
 II. Assignment of Error
{¶ 4} "THE TRIAL COURT ERRED IN GRANTING APPELLEES'S [SIC] MOTION FOR SUMMARY JUDGMENT WHERE IT DETERMINED THAT THE NATURE OF THE HAZARD CONDITION WHICH CAUSED APPELLANT'S INJURY WAS `OPEN AND OBVIOUS' AND THUS EXEMPT FROM A FINDING OF COMPARATIVE NEGLIGENCE."
{¶ 5} In her sole assignment of error, Smock argues that the trial court erred in granting summary judgment.
{¶ 6} We begin by noting that an appellate court reviews an award of summary judgment de novo. Grafton v. Ohio Edison Co. (1996),77 Ohio St.3d 102, 105. We apply the same standard as the trial court, viewing the facts in the case in the light most favorable to the non-moving party and resolving any doubt in favor of the non-moving party. Viock v. Stowe-Woodward Co. (1983), 13 Ohio App.3d 7, 12.
{¶ 7} Pursuant to Civil Rule 56(C), summary judgment is proper if:
{¶ 8} "(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." Temple v. Wean United, Inc.
(1977), 50 Ohio St.2d 317, 327.
{¶ 9} To prevail on a motion for summary judgment, the party moving for summary judgment must be able to point to evidentiary materials that show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. Dresher v. Burt (1996), 75 Ohio St.3d 280, 293. The non-moving party must then present evidence that some issue of material fact remains for the trial court to resolve. Id.
{¶ 10} To prevail in a claim for negligence, a plaintiff must prove (1) the defendant owed her a duty of care; (2) the defendant breached that duty of care; and (3) as a direct and proximate result of the defendant's breach, the plaintiff suffered injury. Menifee v. OhioWelding Products, Inc. (1984), 15 Ohio St.3d 75, 77. An owner or occupier of premises owes a business invitee a duty of ordinary care in maintaining the premises in a reasonably safe condition so that its customers are not unnecessarily and unreasonably exposed to danger.Paschal v. Rite Aid Pharmacy, Inc. (1985), 18 Ohio St.3d 203. However, when a hazard is open and obvious, such that the nature of the hazard itself serves as a warning, the owner may reasonably expect others to discover the danger and take appropriate actions to protect themselves.Simmers v. Bentley Constr. Co. (1992), 64 Ohio St.3d 642, 644. This Court analyzes the open and obvious doctrine under the duty element of negligence. Armstrong v. Best Buy Co., Inc. (Dec. 12, 2001), 9th Dist. No. 01CA007848, at 5-6, appeal allowed, 765 N.E.2d 878, 2002-Ohio-5619. Accordingly, an owner or occupier is under no duty to protect its customers from known dangers or those which are so obvious and apparent that a customer should reasonably be expected to discover them and protect himself from them. Paschal v. Rite Aid Pharmacy, Inc. (1985),18 Ohio St.3d 203, 203-204.
{¶ 11} Smock asserts that summary judgment was error. She argues that the trial court should have analyzed this case under comparative negligence principles, and that such an analysis "dictates that there is, at minimum, a genuine issue of fact as to whether [Smock's negligence] was greater than that of appellees — who caused, knew of and failed to correct the hazardous condition."
{¶ 12} In support of their motion for summary judgment, the appellees submitted the deposition transcripts of Smock; Jacqueline Rivera, an employee of Bob Evans; and Rick Loera, the manager of the Bob Evans. However, these transcripts are not a part of the record on appeal.
{¶ 13} An appellate court's review is restricted to the record provided by the appellant to the court. See App.R. 12(A)(1)(b). Accordingly, the appellant assumes the duty to ensure that the record, or the portions necessary for review on appeal, is filed with the appellate court. Rose Chevrolet, Inc. v. Adams (1988), 36 Ohio St.3d 17, 19. See, also, App.R. 10(A); Loc.R. 5(A); State v. Ishmail (1978),54 Ohio St.2d 402, 405-406. The record in this case consists of the docket and journal entries from the trial court. However, the deposition transcripts filed with the appellees' motion for summary judgment are absent from the record.
{¶ 14} Without the complete record from the trial court, including the deposition transcripts, Smock cannot demonstrate that there are genuine issues of material fact remaining for the trial court to resolve. Smock has failed to demonstrate that summary judgment was improperly granted to the appellees. Accordingly, Smock's assignment of error is overruled.
 III.
{¶ 15} Having overruled Smock's sole assignment of error, we affirm the judgment of the Lorain County Court of Common Pleas.
SLABY, P.J. and BATCHELDER, J. concur.