OPINION
{¶ 1} This is an appeal from a summary judgment ruling by the Court of Common Pleas of Stark County in favor of The Health Group and Massillon Community Hospital on their joint motion.
 STATEMENT OF THE FACTS AND CASE {¶ 2} Appellant is a blind person who is serviced by a seeing eye dog.
 {¶ 3} On September 10, 2000 appellant was suffering from back pain.
 {¶ 4} There is a discrepancy between his deposition and affidavit contra to the joint Civ.R. 56 motion as to whether he called the hospital and if so, was advised to go to the emergency room.
 {¶ 5} In any event, appellant walked the few blocks from his residence to the hospital.
 {¶ 6} Upon arriving, he walked up a service ramp by mistake rather than the approach to the emergency room, fell off a loading dock, suffering injuries.
 {¶ 7} The Assignments of Error are:
 ASSIGNMENTS OF ERROR {¶ 8} "I. Plaintiff's affidavit creates a genuine issue of fact which would preclude summary judgment."
 {¶ 9} "II. Defendants failed to exercise the degree of care that an ordinary prudent institution would exercise under the circumstances known to the defendants."
 SUMMARY JUDGMENT STANDARD {¶ 10} As to the first Assignment of Error Civ.R. 56(C) states in part:
"Summary Judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor."
 {¶ 11} Pursuant to the above rule, a trial court may not enter a summary judgment if it appears a material fact is genuinely disputed. In order to survive a motion for summary judgment, the non-moving party must produce evidence on any issue to which that party bears the burden of production at trial. Wing v. Anchor Media Ltd. of Texas (1991),59 Ohio St.3d 108, citing Celotex v. Catrett (1986), 477 U.S. 317. Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. Smiddy v. The Wedding Party, Inc. (1987), 30 Ohio St.3d 35, 36.
I., II.
 {¶ 12} As the Assignments of Error are intertwined we shall address each simultaneously.
 {¶ 13} Both Appellee, and the trial court in making its decision, are correct in that one cannot create a disputed material fact dispute by submitting an affidavit in a simple questioning situation contrary to prior deposition testimony (in this case that he had not called the hospital). Knotts v. Black Decker, Inc., 204 F. Supp.2d 1029, 1046
(N.D. Oh. 2002). Accord Peters v. Lincoln Elec. Co., 285 F.3d 456, 477
(6th Cir. 2002). Reid v. Sears, Roebuck and Co., 790 F.2d 453, 460 (6th Cir. 1986). The Ohio Appellate Districts are also in accord on this issue. See, e.g., Kollmorgan v. V.G. Raghaven, M.D., (Aug. 7, 2001), Seventh Dist. No. 98CA123; Holbrook v. Oxford Heights Condominium Ass'n, (Nov. 7, 2002), Eighth Dist. App. No. 81316 ; Green v. Franchise Mngt. Dev., (Feb. 12, 2000), Fifth Dist. App. No. 99-CA50-2; Schaefferv. Lute, 1996 (Nov. 22, 1996), Sixth Dist. App. No. L-96-045; Booth v.Caldwell, (April 30, 1996), Tenth Dist. App. No. 95APE10-1367; CapitalFinancial Services, Inc. v. Hibbard, (Oct. 9, 1995), Twelfth Dist. App. No. CA95-04-079.
 {¶ 14} However, notwithstanding whether or not he had called the hospital prior to going to the emergency room, appellees breached no duty of care even if appellant was told to come in and even if the hospital was made aware of appellant's disability.
 {¶ 15} The hospital was required to maintain its premise in a reasonably safe condition so as not to expose its clients unreasonably to danger.
 {¶ 16} Here, the injuries appellant received were not due to the condition of the premises but due to the confusion on the part of appellant because of his disability.
 {¶ 17} Appellee Hospital is not an insurer so as to guide the clients to the desired location. Paschal v. Rite-Aid Pharmacy (1985),18 Ohio St.3d 203, 203-04 (citations omitted, emphasis added). SeeCampbell v. Hughes Provision Co. (1950), Ohio St. 9.
 {¶ 18} Appellant could have entered the appropriate ramp to the emergency room and still injured himself by falling or otherwise.
 {¶ 19} Also, in his deposition appellant stated:
 {¶ 20} "No, when I'm hurting like that, I just go on in because there's a walk-in thing." (Dep. At p. 36).
 {¶ 21} This indicates he had been there before and, while familiar with the premises, made an unfortunate mistake.
 {¶ 22} We therefore disagree with both Assignments of Error and affirm the trial court's decision.
Gwin, P.J and Wise, J., concur.
Topic: Negligence.