DECISION AND JUDGMENT ENTRY
{¶ 1} This accelerated case comes before the court on appeal from the Sandusky County Court of Common Pleas which granted summary judgment in favor of appellee, Aldi, Inc. ("Aldi"). Because we conclude that appellants failed to present evidence sufficient to raise a question of fact as to Aldi's prior knowledge of a hazardous condition, we affirm.
 {¶ 2} The facts giving rise to this appeal are as follows. On January 11, 2002, appellant, Lela Hoffman, went to Aldi, a grocery store located in Fremont, Ohio. As she was reaching for two gallons of milk in front of the milk cooler, she slipped and fell, severely injuring her knee. When she fell, she dropped one of the containers of milk she was holding and milk spilled onto the floor. On October 22, 2003, appellants filed a negligence complaint against Aldi alleging that Lela's fall was caused when her foot came in contact with a foreign substance on the floor. Appellants alleged that Aldi was negligent for failing to remove the foreign substance and/or for failing to warn her of the foreign substance. On January 8, 2004, Community Health Plan of Ohio ("CHPO"), appellants' insurer, filed a motion to intervene as a plaintiff in the case. On July 2, 2004, Aldi filed a motion for summary judgment which was granted on March 7, 2005. Appellants, Lela and Mark Hoffman, now appeal setting forth the following assignment of error:
 {¶ 3} "The trial court erred when it granted defendant's motion for summary judgment because there are genuine issues of material fact."
 {¶ 4} We first note that appellate review of a trial court's grant of summary judgment is de novo. Grafton v. Ohio Edison Co. (1996),77 Ohio St.3d 102, 105, 1996-Ohio-336. Accordingly, we review the trial court's grant of summary judgment independently and without deference to the trial court's determination. Brown v. Scioto Cty. Bd. Of Commrs.
(1993), 87 Ohio App.3d 704, 711. Summary judgment will be granted only when there remains no genuine issue of material fact and, when construing the evidence most strongly in favor of the nonmoving party, reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law. Harless v. Willis Day Warehousing Co.
(1978), 54 Ohio St.2d 64, 66; Civ.R. 56(C). The burden of showing that no genuine issue of material fact exists falls upon the party who moves for summary judgment. Dresher v. Burt (1996), 75 Ohio St.3d 280, 294. However, once the movant supports his or her motion with appropriate evidentiary materials, the nonmoving party "may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Civ.R. 56(E).
 {¶ 5} In its motion for summary judgment, Aldi argued that appellants had failed to prove that there was a foreign substance on the floor prior to Lela's accident. Aldi submitted Lela Hoffman's deposition in support of its argument. Lela Hoffman testified that on the evening of her accident, she did not remember seeing anything wet on the floor in the milk cooler aisle. She remembered that a store employee was using a mechanical floor scrubber on the opposite side of the aisle at the same time that she was approaching the milk coolers. She testified, however, that she did not see anything wet coming from the scrubber.
 {¶ 6} Aldi also submitted the deposition of store manager, Anthony Williamson. Williamson testified that he was working the evening of Lela Hoffman's accident. He testified that prior to Lela Hoffman's accident; he had received no reports of spilled product anywhere in the store. He also testified that prior to Lela Hoffman's arrival; the milk aisle would have been mopped by employee, Rachel Botello, as part of the store's standard cleaning procedure. Williamson, however, did not know the exact time the milk aisle had been mopped on January 11, 2002.
 {¶ 7} In response to Aldi's motion for summary judgment, appellants concede that the spillage of milk that occurred at the time of Lela Hoffman's fall essentially eliminated any chance the parties have of determining, with certainty, what caused her to fall. Appellants, however, proposed three possible scenarios. First, appellants asserted that a co-worker of Mark Hoffman, Angela Hillman, told appellants that she was in the store prior to Lela Hoffman's fall and that she dropped and broke a carton of eggs in the milk aisle. Appellants argued that the subsequent clean-up of the egg spill could have left the floor in a slippery condition. Second, appellants note that Lela Hoffman entered the store near closing time. Therefore, as part of the store's standard operating procedure towards closing time, the floors would have been recently mopped and therefore wet. Lela Hoffman testified she saw no signs posted warning her of the wet floor. This failure to warn Lela Hoffman of a wet floor, appellants argued, constituted negligence on the part of appellee. Finally, appellants suggested that because the weather on the evening of January 11, 2002, was snowy and wet, moisture could have easily been tracked in by customers and/or brought in from the shopping carts that came from outside. Such moisture could have caused Lela Hoffman to fall and, thus, the store had a duty to post warning signs.
 {¶ 8} Generally, an owner or occupier of business premises owes business invitees a duty of ordinary care in maintaining the premises in a reasonably safe condition and has the duty to warn invitees of latent or hidden dangers. Paschal v. Rite Aid Pharmacy, Inc. (1985),18 Ohio St.3d 203, Jackson v. Kings Island (1979), 58 Ohio St.2d 357, 359. The owner or occupier is not, however, an insurer of a business invitee's safety. Paschal, supra, at 203-204. Where a danger is open and obvious, a landowner or business owner owes no duty of care to individuals lawfully on the premises. Armstrong v. Best Buy Co., 99 Ohio St.3d 79,2003-Ohio-2573, ¶ 5, citing Sidle v. Humphrey (1968), 13 Ohio St.2d 45.
 {¶ 9} Based on our review of the record in this case, we find that appellants have failed to demonstrate that there is a genuine issue of material fact for trial. Specifically, there is no evidence that a hazardous condition exited in front of the milk coolers at Aldi on January 11, 2002. Appellants suggested that Angela Hillman dropped eggs in front of the coolers before appellant's fall, yet, in her deposition testimony, Hillman stated that she did not remember whether or not she dropped the eggs on the same night that Lela Hoffman fell. Store manager Williamson testified he received no reports of a dropped egg carton on the night Lela Hoffman fell. Appellants have speculated as to how the floor may have become slippery; however, the fact remains that appellant testified that she saw no moisture on the floor before fell. Construing the evidence in favor of the non-moving party, we can only conclude that the trial court did not err in granting summary judgment to Aldi. Appellants' sole assignment of error is found not well-taken.
 {¶ 10} Upon consideration whereof, the court finds that substantial justice has been done the party complaining and the judgment of the Sandusky County Court of Common Pleas is affirmed. Appellants are ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Sandusky County.
Judgment affirmed.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Pietrykowski, J., Singer, P.J., Skow, J. concur.